726 F.2d 1073
 ALAMO CHEMICAL TRANSPORTATION CO., Plaintiff-Appellee Cross-Appellant,
v.
M/V OVERSEAS VALDES, Her Engine, Etc., et al., Defendants,
v.
FIRESTONE TIRE & RUBBER CO., Intervenor-Appellant Cross-Appellee.
 Nos. 82-3498, 83-3201.
 United States Court of Appeals,
Fifth Circuit.
 March 16, 1984.
 
 Deutsch, Kerrigan & Stiles, Cornelius G. Van Dalen, Francis J. Barry, Jr., New Orleans, La., for Firestone Tire & Rubber Co.
 Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, George A. Frilot, III, Andrew S. de klerk, New Orleans, La., for Alamo Chemical Transp. Co.
 Appeals from the United States District Court for the Eastern District of Louisiana.
 Before POLITZ, JOHNSON and WILLIAMS, Circuit Judges.
 JERRE S. WILLIAMS, Circuit Judge:
 
 
 1
 Appellant, Firestone Tire & Rubber Co. ("Firestone"), failed to file this appeal within thirty days after the district court entered judgment because, and only because, its counsel had relied on the clerk of court to give notice of the entry of judgment and no such notice was received by counsel. Consequently, counsel did not learn of the judgment until the time for appeal had expired. Because the notice of appeal was filed too late, we dismiss the appeal.
 
 
 2
 This case is controlled by our en banc decision in Wilson v. The Atwood Group, 725 F.2d 255 (5th Cir.1984). In that case we considered whether Fed.R.Civ.P. 77(d) precludes relief being granted on almost identical facts. The rule states "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed...." We concluded that Rule 77(d) means exactly what it says, and that "to be relieved from the effect of a judgment, a party must show more than mere reliance on the clerk to give notice of a judgment." Id. 725 F.2d at 258.
 
 
 3
 A final judgment was entered in this case on August 3, 1982. Appellants as a class have thirty days from the date of entry of a judgment or order to appeal. Fed.R.App.Pro. 4(a). Firestone, which had intervened in this case, filed a timely notice of appeal from that judgment on August 5, 1982. On August 12, 1982, Alamo Chemical Transportation Co. ("Alamo") filed a motion for new trial under Fed.R.Civ.Pro. 59. On August 17, 1982, Alamo filed a cross-appeal. On September 8, 1982, Alamo's motion for new trial was heard and taken under submission. A week after that motion, on September 15, 1982, Alamo's motion for new trial was treated as a motion to amend the final judgment of August 3, 1982, and an amended final judgment was entered. Appellant Firestone received no notice that the amended judgment had been granted.
 
 
 4
 Rule 4 of the rules of appellate procedure provides that:
 
 
 5
 If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party ... (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.
 
 
 6
 Fed.R.App.Pro. 4 (emphasis added). Because appellant had received no notice it failed to file a timely notice of appeal from the amended final judgment. On February 24, 1983, appellant petitioned this Court for relief pursuant to Fed.R.Civ.P. 60(b)(1) and (6). That rule provides:
 
 
 7
 [o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.... (6) Any other reason justifying relief from the operation of the judgment.
 
 
 8
 Appellant asked that this Court withdraw the September 15, 1982, judgment and then reenter it so that a timely notice of appeal could be filed. Because Wilson decided that mere failure of the clerk to give notice of the entry of a judgment does not warrant relief being granted to the parties who did not receive notice, we dismiss the appeal as untimely filed. Since Alamo did not file a new cross-appeal after the amended final judgment was entered, any cross-appeal is likewise untimely.
 
 
 9
 APPEALS DISMISSED.