James Melvin McCLAIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 47527.

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

Rehearing Denied March 13, 1974.

---

Curtis Marvin Loveless, George Hopkins (on appeal only), Denton, for appellant.

John Lawhon, Dist. Atty. and Michael W. George, Asst. Dist. Atty., Denton, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the felony offense of shoplifting; the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., life imprisonment.

The appellant presents three grounds of error. The first two are related and challenge the sufficiency of the enhancement allegations of the indictment.

The primary offense of shoplifting alleged in the first paragraph of the indictment is alleged to have been committed in Denton County on March 10, 1972. The second paragraph alleges a conviction for the offense of burglary of a coin-operated machine on October 15, 1964, in Wichita County in Cause No. 12,573A. The fifth paragraph alleges a conviction for the offense of burglary on May 1, 1953, in Tarrant County in Cause No. 52,833. Paragraphs three, four and six allege other non-capital felony offenses but the State relied upon the allegations in paragraph two and five and they were the only two paragraphs alleging prior convictions which were read to the jury at the punishment stage of the trial. The allegations in each paragraph allege that the commission of and final conviction for that offense were prior to the commission of the offense alleged in the preceding paragraphs. Stated in another way, each succeeding conviction is alleged to be subsequent in point of time both to the commission of the previous offense and the conviction therefor. See Guilliams v. State, 261 S.W.2d 598 (Tex.Cr.App.1953).

The appellant's complaint is that "the indictment did not affirmatively allege the prior convictions were to be used for purposes of enhancing the punishment against the defendant and therefore fail to allege an essential element necessary to enhance the punishment rendered against him," and that because of this alleged deficiency in the pleadings the trial court erred in permitting the State to read these paragraphs to the jury.

The appellant relies upon and cites Rogers v. State, 325 S.W.2d 697 (Tex.Cr.App.1959) and Parasco v. State, 309 S.W.2d 465 (Tex.Cr.App.1958) as authority for his argument that an indictment must directly state that the prior convictions are alleged for enhancement purposes. These authorities do not support the appellant's argument.

The indictment in Rogers v. State, supra, had two counts. One count alleged forgery and contained paragraphs alleging two prior convictions. The other count alleged the passing of a forged instrument but did not contain paragraphs alleging prior convictions. The forgery count was not submitted to the jury. The passing count was submitted to the jury and a life sentence was assessed. The judgment of conviction was reversed because the passing count did not contain allegations that the prior offenses were committed and final convictions obtained before the commission of the primary offense of passing the forged instruments. Rogers is clearly distinguishable from this case which has only one count properly alleging five prior convictions.

Parasco v. State, supra, is also distinguishable. There the prosecution was under the provisions of the Uniform Drug Act, Article 725b, V.A.P.C., not Article 63, V.A.P.C. The indictment alleged in the

first count that the appellant possessed isonipeciane and there was no allegation that the appellant had been previously convicted for violating the Uniform Drug Act that was tied to that count. The second count of the indictment in Parasco charged a different offense than possession of isonipeciane and alleged a prior conviction for possession of heroin. The latter allegation was there considered by the trial court available and applicable to both counts even though the second count was not submitted to the jury. This Court held that, since the first count charging the possession of isonipeciane did not have the prior conviction tied to it, a conviction under that count assessing a penalty appropriate to the subsequent offender provision must be reversed.[1]

The indictment in the case at bar properly makes the customary allegations of prior convictions under the provisions of Article 63, V.A.P.C., and it does not fail to state any element necessary for enhancement under Article 63, V.A.P.C. These grounds of error are overruled.

The third ground of error is that "no probable cause having been shown for the search and seizure of the defendant's vehicle the Court committed error in admitting in evidence the fruits of said search including the contents of said automobile."

■ Captain Lynch, a nineteen-year veteran of the Denton Police Department, received a radio communication concerning a theft and was told to be on the lookout for a vehicle of a certain description bearing a specified license plate number. He observed that vehicle being driven above the speed limit. He followed the automobile until it was driven into a service station. He drove in behind the automobile and as he was getting out of his automobile the one he had been following sped away on the Fort Worth highway. After a high speed chase which exceeded the applicable speed limits the officer stopped the automobile, which was driven by the appellant, and in which there were two female passengers. As the automobile stopped the officer saw goods being thrown ∘from it. After it was stopped he saw a man's suit in the back seat. This suit is the property alleged to have been the subject of shoplifting alleged in the primary count of the indictment. The officer under the circumstances had the right to stop the automobile. The goods which were thrown from the automobile and the suit which was in open view were not recovered by virtue of an unlawful search and seizure. See Medina v. State, 493 S.W.2d 151 (Tex.Cr.App. 1973); Boyett v. State, 487 S.W.2d 357 (Tex.Cr.App.1972); Aldridge v. State, 482 S.W.2d 171 (Tex.Cr.App.1972).

The judgment is affirmed.

Opinion approved by the Court.

---

1. The Court in Parasco also said that the penalty provision of Article 725b, V.A.P.C. provided a different penalty for subsequent offenses, and held that the prior conviction became an element of the offense itself, and that the allegations of the prior conviction were not merely for the purpose of enhancing punishment as under Articles 62 or 63, V.A. P.C. This portion of the opinion in Parasco was overruled in Bell v. State, 504 S.W.2d 498 (Tex.Cr.App., decided Jan. 30, 1974).