James CARTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 612–83.

Court of Criminal Appeals of Texas, En Banc.

May 16, 1984.

Larry D. Dowell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., James G. Brough and Roberto Gutierrez, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR
DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted by a jury of aggravated robbery. Upon the jury finding true the enhancement allegations of two prior final felony convictions, the court assessed the automatic punishment of life imprisonment pursuant to § 12.42(d), V.A. P.C. Thereafter, appellant, joined by the State, successfully moved for a new trial on the ground that one of the two prior convictions had resulted in a probated sentence, and not a final conviction, and was therefore, insufficient as a matter of law to prove that appellant had twice been convicted of felonies.

Appellant was then re-indicted, wherein for purposes of enhancement, the previously alleged and proved prior felony conviction of aggravated robbery was again included. However, in substitution for the insufficient enhancement allegation which resulted in the granting of a new trial, the State alleged a different felony conviction, that of burglary of a coin-operated machine.

On appeal, the Court of Appeals reversed and remanded the case on the ground that the double jeopardy doctrine precluded the State from a second opportunity of proving the habitual offender status of appellant where there was a finding of insufficient evidence of that status the first time around.[1] We granted the State's petition for discretionary review to examine the correctness of that decision.

■ The narrow question presented today, which has not been dealt with specifically by this court before, is whether the double jeopardy clause bars the State from bringing any enhancement proceeding for the purpose of obtaining a life sentence under § 12.42(d), V.A.P.C., where the State has previously failed to prove its case under § 12.42(d), V.A.P.C., in an earlier pro-

ceeding in connection with the same primary offense. We hold that it does.

Initially, we note that the enhancement proceeding under § 12.42(d), where a findings of fact similar to the findings in the guilt phase of the trial are required, has been held to fall within the penumbra of the double jeopardy clause. See, *Bullington v. Missouri*, 451 U.S. 430, at 444–46, 101 S.Ct. 1852, 1861–62, 68 L.Ed.2d 270 (1981); *Bullard v. Estelle*, 665 F.2d 1347, at 1359 (5th Cir.1982).

This court recently, in *Cooper v. State*, 631 S.W.2d 508 (Tex.Cr.App.1982), stated that the gravamen of the holdings in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), "... is that it violates the double jeopardy clause of the United States Constitution to allow the State to make an allegation, attempt to prove that allegation, fail to do so and yet be able to attempt to again prove such allegation in another trial or hearing in the same cause." *Cooper v. State*, 631 S.W.2d, at 513.

In appellant's case, the State alleged two prior offenses as final convictions in the original indictment for enhancement purposes, but presented insufficient evidence that both prior offenses were final convictions, a factual element necessary under § 12.42(d), V.A.P.C. The State then attempted, after a new trial was granted, to prove up the appellant's habitual offender status a second time with a different prior conviction than the prior offense which resulted in the granting of a new trial.

■ The State seems to say that they should be able to get a second go-around on proving appellant's habitual offender status under § 12.42(d), V.A.P.C., as "no fact previously alleged and not proved was here relied upon." We cannot accept the State's reasoning.[2]

"This is not like the case where evidence prejudicial to the defendant is ad-

---

1. *Carter v. State,* 652 S.W.2d 530 (Tex.App.1983).

2. We do note, however, that nothing in this opinion would preclude the State from proving

appellant's habitual offender status under § 12.-42(d), V.A.P.C., once convicted for a different offense than the primary one alleged herein.

mitted [or evidence beneficial is omitted] at the first trial, and a conviction obtained [and then reversed]." *United States v. Barker,* 558 F.2d 899, 902 (8th Cir.1977).

Instead, the State, in the second proceeding, did not put on evidence which was simply erroneously excluded, but put on evidence which the State, by its own error, failed to present at the first punishment hearing.[3] See, *Bullard v. Estelle,* 665 F.2d 1347, at 1359 (5th Cir.1982). The State simply failed to put on sufficient evidence to warrant enhancement of appellant's punishment under § 12.42(d), V.A.P.C. The double jeopardy clause of the Federal Constitution, and Article I, §§ 14 and 19 of the Texas Constitution forbids such "a second bite at the apple" "... where the evidence is found lacking in the resolution of factual issues presented at the punishment stage of a trial, ..." *Ex parte Augusta,* 639 S.W.2d 481, at 485 (Tex.Cr.App.1982).

This court in *Cooper* held that the State was precluded from retrying the accused *for the same offense,* as an habitual criminal under § 12.42(d), V.A.P.C., where it has failed to prove that one of the convictions used for enhancement purposes was committed after the first offense used for enhancement. *Cooper v. State,* 631 S.W.2d 508. See, also, *Ex parte Augusta,* 639 S.W.2d 481. And in *Bullard v. Estelle,* supra, the Fifth Circuit held that the State was also precluded from retrying the accused as an habitual criminal after their first bite at the apple proved insufficient to identify Bullard as the defendant who was convicted in one of the convictions alleged in the indictment for enhancement purposes.

■ Although we note that the State in the instant case attempted to utilize new facts (a different prior "conviction") to establish the fact that appellant was an habitual offender than the State used in their

first unsuccessful attempt to prove that factual status, we see little difference between this case and the facts in *Ex parte Augusta,* supra, *Cooper v. State,* supra, and *Bullard v. Estelle,* supra. When the trial court granted appellant a new trial, holding that the evidence was insufficient as to an essential element necessary to prove a habitual offender status for punishment enhancement purposes (that being, the finality of the conviction), it essentially granted an acquittal to that disputed question of fact. To allow the State to attempt to prove up appellant's habitual offender status at a new hearing for the same primary offense when it failed in its proof originally, would be to subject appellant to jeopardy. Since the double jeopardy clause applies to punishment hearings where, in this case, the State failed to prove specific punishment allegations, we conclude that it must preclude the State from retrying appellant as an habitual offender under this primary offense. Having received "one fair opportunity to offer whatever proof it could assemble," *Burks v. United States,* 437 U.S., at 16, 98 S.Ct., at 2150, the State is not entitled to another. We, therefore, affirm the Court of Appeals.

W.C. DAVIS, McCORMICK and CAMPBELL, JJ., dissent.

---

**3.** In seeking to fix a defendant's status as an habitual criminal under § 12.42(d), supra, the State may allege as many of a defendant's prior final felony convictions as he has. It is necessary, however, that the State allege and prove at least two such valid convictions in order to establish his status as an habitual criminal. If the State alleges and proves three prior convictions, and only one of the convictions is later found to be void, etc., the habitual status of the defendant remains fixed so long as there are two valid convictions.