## ALAMO CHEMICAL TRANSPORTATION COMPANY, Plaintiff-Appellee Cross-Appellant,

v.

## M/V OVERSEAS VALDES, Her Engines, etc., et al., Defendants,

v.

## FIRESTONE TIRE & RUBBER COMPANY, Intervenor-Appellant Cross-Appellee.

### Nos. 82–3498, 83–3201.

United States Court of Appeals,
Fifth Circuit.

Oct. 11, 1984.

Deutsch, Kerrigan & Stiles, Cornelius G. Van Dalen, Francis J. Barry, Jr., New Orleans, La., for intervenor-appellant cross-appellee.

Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, George A. Frilot, III, Andrew S. de klerk, New Orleans, La., for M/V Maritime and Alamo Chemical.

Donald C. Fresne, for Texas Chemical & Plastics.

Before POLITZ, JOHNSON, and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

On March 16, 1984, we dismissed Firestone Tire & Rubber Company's appeal in this case on the ground that Firestone's notice of appeal, which had been timely when filed, was ineffective because a motion for a new trial in the case had been the subject of a ruling by the district court after the notice of appeal had been filed. Fed.R.App.P. 4. *Alamo Chemical Transportation Co. v. M/V OVERSEAS VALDES v. Firestone Tire & Rubber Co.*, 726 F.2d 1073 (5th Cir.1984).

Firestone filed a motion for rehearing pointing out that within the proper time period following the district court's ruling on the motion for a new trial, it had filed a request with this Court for a thirty-day enlargement of time in which to file an appellate brief. It is Firestone's contention in its motion for rehearing that this reference to an appellate brief was sufficient under such cases as *Cobbs v. Lewis*, 488 F.2d 41, 45 (5th Cir.1974), to constitute a notice of appeal under Fed.R.App.P. Rule 3(c).

Alamo Chemical Transportation Company filed a cross-appeal. It had not filed any document with this Court with reference to an appeal after the decision in the trial court denying the motion for a new trial, although it had also given a notice of appeal, timely when filed, before the motion for a new trial had been filed and was acted upon.

In an unpublished order dated May 23, 1984, this Court granted the petition for rehearing. We have since heard oral argument to assist us in deciding if the request for an enlargement of time to file the appellate brief constituted adequate notice of appeal under Rule 3(c). After careful deliberation we now hold that it did not, and we dismiss the appeals of Firestone and Alamo.

Our decision in this case is controlled by our decision in *Van Wyk El Paso Investment, Inc. v. Dollar-Rent-A-Car Systems, Inc.*, 719 F.2d 806 (5th Cir.1983). In that case timely notice of appeal also had been rendered without effect by a later ruling of the district court under Rule 52(b) of Fed. R.Civ.P. on a motion to reconsider the judgment which had been entered. After that ruling, appellant Dollar Rent-A-Car had filed a "Form of Appearance for Counsel", and there also had been three communications from the clerks of the district court and the Court of Appeals to the parties. The Court held that these documents and correspondence referring to an appeal were not adequate to constitute the requisite notice. As we said: "We clearly cannot characterize memoranda and correspondence of the Court, which connote no more than normal developments in the course of processing a premature appeal, as the equivalent of a timely notice of appeal." 719 F.2d at 808.

Further, we point out that our colleagues of the Eleventh Circuit have recently held that the filing of a brief by the putative appellant does not constitute filing of a notice of appeal in timely manner. *Florida Women's Medical Clinic, Inc. v. Smith,* 706 F.2d 1172 (11th Cir.1983).

We find that the mere request to the Court for an enlargement of time in which to file an appellate brief does not constitute the requisite notice of appeal required by Rule 3(c), Fed.R.App.P.

▮ The fact that Firestone had not been notified by the clerk of the court of the ruling denying the motion for a new trial until after the time for a timely notice of appeal had expired cannot excuse the failure to file such a timely notice. *Wilson v. The Atwood Group,* 725 F.2d 255 (5th Cir.1984).

It follows that lacking timely notices of appeal, the appeal of Firestone and the cross-appeal of Alamo Chemical must be dismissed.

APPEALS DISMISSED.