**Ex parte Charles Edwin BULLARD.**

**No. 69317.**

Court of Criminal Appeals of Texas.

Oct. 31, 1984.

Melinda Meador, Huntsville, for appellant.

Henry Wade, Dist. Atty., and Gregory Long, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TEAGUE, Judge.

This is an application for a post-conviction writ of habeas corpus filed by Charles Edwin Bullard, applicant, which was forwarded to this Court by the trial court pursuant to the provisions of Art. 11.07, V.A.C.C.P. See *Ex parte Young*, 418 S.W.2d 824 (Tex.Cr.App.1967).

We first point out that Charles Edwin Bullard, applicant, is no stranger to this Court as this Court has reviewed at least two of his appeals and many post-conviction applications for writ of habeas corpus that he has filed. He has yet to receive any substantial relief from this Court. Today, however, we will grant him partial relief.

In *Bullard v. State*, 533 S.W.2d 812 (Tex. Cr.App.1976), this Court affirmed the applicant's conviction for felony theft, but remanded the cause for a new punishment hearing before the trial court, after it found that the State had failed to properly prove one of the two prior felony convictions that had been alleged in his indictment for enhancement of punishment purposes. Punishment, enhanced by two alleged prior felony convictions, had been assessed by the trial court at life imprisonment. See V.T.C.A., Penal Code, Section 12.42(d), prior to recent amendment. Upon remand, a new punishment hearing was conducted before the trial court, after which the trial court again found that applicant was an "habitual criminal," and again assessed his punishment at life imprisonment. This Court affirmed. *Bullard v. State*, 548 S.W.2d 13 (Tex.Cr.App.1977).

Thereafter, Bullard exhausted his State remedies and proceeded to Federal Court where Judge Higginbotham, a United States District Judge of the Northern District of Texas, granted him partial relief, *Bullard v. Estelle*, 502 F.Supp. 887 (N.D. Tex.1980), holding, inter alia, that the second enhancement punishment proceeding violated the double jeopardy clause of the Federal Constitution, see *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). Judge Higginbotham expressly held that the alleged prior felony conviction that this Court had previously found was not supported by sufficient evidence, as to identifi-

cation, could not be used to enhance the punishment at a new punishment hearing.

The State of Texas appealed Judge Higginbotham's decision to the Fifth Circuit, where a panel of the Fifth Circuit affirmed Judge Higginbotham's decision, see *Bullard v. Estelle*, 665 F.2d 1347 (5th Cir.1982), holding: "[T]he double jeopardy clause bars *a second enhancement proceeding* when the evidence at the first enhancement proceeding was insufficient to establish that the defendant committed one or more of the prior offenses necessary for enhancement..." [Emphasis Added]. Also see that Court's per curiam opinion in the same case that was handed down on July 5, 1983, and *Estelle v. Bullard*, 457 U.S. 1116, 102 S.Ct. 2927, 73 L.Ed.2d 1328 (1982).

In *Carter v. State*, 676 S.W.2d 353 (Tex. Cr.App.1984) (State's Motion for Rehearing Denied, October 1, 1984), this Court, speaking through Presiding Judge Onion, after relying upon the Fifth Circuit decision of *Bullard v. Estelle*, supra, held that because the State had failed to prove at the first trial the defendant's "status" as an habitual criminal, it was prohibited from reindicting the defendant Carter as an "habitual offender," substituting in the reindictment a "good" prior felony conviction for the felony conviction which the Court of Appeals, see *Carter v. State*, 652 S.W.2d 530 (Tex.App.—Houston [1st] 1983), and this Court each had found was not a final conviction. This Court held that the prosecution was not entitled to have "another bite at the same apple." Thus, the State's failure to properly prove the enhancement allegation at the first punishment hearing was tantamount to an acquittal on the habitual offender issue. In so holding, this Court approved the Fifth Circuit decision that was authored by Justice Randall, *Bullard v. Estelle*, supra, and further held that the Supreme Court decision of *Bullington v. Missouri*, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981), (which had held that the prosecution upon retrial could not seek the death penalty when at the first trial it was not imposed. The prior decision of the jury not to impose the death penalty

amounted to an acquittal of whatever was necessary to impose it.), was applicable to "Texas habitual offender sentencing procedures." Cf. *Durham v. State*, 464 N.E.2d 321 (Ind.Sup.Ct.1984). Thus, in Texas, when it comes to the State establishing the defendant's "status" as an "habitual offender," the prosecution is not entitled to have but one bite at the *same* apple. Also see *Ex parte Augusta*, 639 S.W.2d 481 (Tex.Cr.App.1982); *Cooper v. State*, 631 S.W.2d 508 (Tex.Cr.App.1982).

■ Thus, it is now clear in Texas that if an appellate court finds that the evidence is insufficient to sustain the charge that the defendant is an "habitual" offender, the State may not attempt in the same cause, either by reindictment or proof, to thereafter establish that the defendant is an "habitual criminal." This, however, does not mean that if a new punishment hearing is thereafter conducted, the State may not cause the defendant to be punished pursuant to V.T.C.A., Penal Code, Section 12.42(a), as a "repeat" offender, by using the "good" remaining prior felony conviction to enhance the punishment. We emphasize, however: the State may not, at a new punishment hearing, cause the defendant to be punished as an "habitual" offender.

■ In this instance, it has been judicially determined that the State failed in its proof regarding cause number D–7519–JI, which was the second alleged prior felony conviction. Applicant·is entitled to partial relief.

It is, therefore, ordered that the applicant be given a new hearing on punishment in Cause Number F75–3538–JN and that punishment shall be limited to that authorized by the provisions of V.T.C.A., Penal Code, Section 12.42(a).