**Ex parte Jose Sauceda GONZALES.**

**No. 69359.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 12, 1986.

Rehearing Denied April 30, 1986.

Melinda Meador, Huntsville, for appellant.

---

John B. Holmes, Jr., Dist. Atty., and Karrie Key, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

This is a post conviction writ of habeas corpus proceeding brought before the Court pursuant to Article 11.07, V.A.C.C.P.

Applicant was originally indicted in 1978 in Cause Number 288754 for the offense of theft of a motor vehicle of a value of more than two hundred but less than ten thousand dollars, a third degree felony at the time of trial. This indictment contained two enhancement paragraphs alleging a possession of narcotics conviction in 1972 and a conviction for forgery in 1975. A jury found applicant guilty of the theft. Applicant then pled true to the enhancement paragraphs and was sentenced by the trial court to life imprisonment, pursuant to the automatic sentence provision of V.T.C.A. Penal Code, § 12.42(d) as it read prior to amendment in 1983. Motion for new trial was denied and notice of appeal given.

Subsequently the trial court granted applicant's out of time motion for new trial and also granted the State's motion to dismiss. All parties agreed that the second enhancement paragraph in the indictment in Cause Number 288754, alleging the prior forgery conviction, was based on a fundamentally defective indictment and hence could not support a finding that applicant was an habitual offender as defined in § 12.42(d), supra.[1]

In 1980 a new indictment was filed alleging the same primary offense under the new Cause Number 309176. This new indictment repeated the enhancement paragraph alleging the 1972 possession of narcotics conviction, but the enhancement paragraph alleging the forgery conviction

in 1975, which the trial court had found to be fundamentally defective, was replaced by a new second enhancement paragraph alleging another 1975 conviction, for possession of heroin. On retrial, applicant was again found guilty of the primary offense of theft. The jury also found both enhancement paragraphs true and applicant was again automatically assessed a life sentence.

Applicant now contends that in allowing the State a second chance to establish his habitual offender status to obtain a life sentence the trial court violated the double jeopardy provisions of the United States Constitution and of Article I, §§ 14 and 19 of the Texas Constitution. He relies primarily on this Court's decision in *Carter v. State*, 676 S.W.2d 353 (Tex.Cr.App.1984).

In *Carter*, supra, Presiding Judge Onion wrote:

"Although we note that the State in the instant case attempted to utilize new facts (a different prior 'conviction') to establish the fact that appellant was an habitual offender than the State used in their first unsuccessful attempt to prove that factual status, we see little difference between this case and the facts in *Ex parte Augusta*, [639 S.W.2d 481 (Tex. Cr.App.1982)], *Cooper v. State*, [631 S.W.2d 508 (Tex.Cr.App.1982)], and *Bullard v. Estelle*, [665 F.2d 1347 (CA5 1982)]. When the trial court granted appellant a new trial, holding that the evidence was insufficient as to an essential element necessary to prove a habitual offender status for punishment enhancement purposes (that being, the finality of the conviction), it essentially granted an acquittal to that disputed question of fact. To allow the State to attempt to prove up appellant's habitual offender status at a new hearing for the same primary offense when it failed in its proof originally, would be to subject appellant to jeopardy. Since the double jeopardy clause applies to punishment

---

1. We are not informed, nor does the record before us reveal, just what the fatal flaw in the forgery indictment was.

hearings where, in this case, the State failed to prove specific punishment allegations, we conclude that it must preclude the State from retrying appellant as an habitual offender under this primary offense. Having received 'one fair opportunity to offer whatever proof it could assemble,' *Burks v. United States,* 437 U.S. [1], at 16, 98 S.Ct. [2141], at 2150 [57 L.Ed.2d 1 (1978) ], the State is not entitled to another."

676 S.W.2d at 355. Thus it is now clear that if the evidence is insufficient to sustain the allegation that an accused is an habitual offender, the State is precluded from any attempt thereafter, under the same primary offense, to establish that he is an habitual criminal. See also *Briggs v. Procunier,* 764 F.2d 368, 373 (CA5 1985). The State may neither retry the particular enhancement paragraph upon which the proof failed at the first trial, nor allege and prove a different prior conviction in place of that for which its proof failed. See *Ex parte Bullard,* 679 S.W.2d 12 (Tex.Cr.App. 1984).

The State contends that the holding in *Carter,* supra, is inapplicable to the instant case because, whereas in *Carter* the proof was insufficient to support the enhancement allegation, here there was not a defect of proof but rather a defect in the charging instrument. The State appears to argue that because the indictment underlying the 1975 forgery conviction was based on a fundamentally defective indictment, rendering that conviction void *ab initio,* the second enhancement paragraph in the indictment in Cause Number 288754 was also in some sense void *ab initio;* thus the trial court never had the authority to find applicant an habitual offender in Cause Number 288754 and jeopardy did not attach. See *Foster v. State,* 635 S.W.2d 710 (Tex.Cr.App.1982) (opinion on original submission); *Palm v. State,* 656 S.W.2d 429 (Tex.Cr.App.1981) (opinion on original submission). Therefore, applicant could be retried as an habitual offender in Cause Number 309176.

It is true that this is not a case in which the State has failed to identify the accused as the individual alleged to have been convicted in the enhancement paragraph, see *Elizalde v. State,* 507 S.W.2d 749 (Tex.Cr. App.1974), or has failed to establish the proper sequence and finality of the prior convictions as alleged, see *Cooper v. State,* supra. We nevertheless find that the instant cause involves a failure of proof, and that *Carter,* supra, controls.[2]

---

**2.** In his dissent Judge McCormick says:

"No matter how broadly one reads *Burks-Greene-Bullington,* it cannot be concluded that they hold any more than this: When the prosecution is unsuccessful in proving facts it has alleged, then the prosecution is prohibited from thereafter attempting to prove the *same* facts." [emphasis by Judge McCormick]

Yet in 1982 after perusing the same three decisions, Judge McCormick wrote for a unanimous Court:

"[I]n reading *Burks v. United States* [437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) ] [and] *Greene v. Massey* [437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978) ] ... the gravamen of these holdings is that it violates the double jeopardy clause of the United States Constitution to allow the State to make an allegation, attempt to prove that allegation, fail to do so and yet be able to again prove such allegation in another trial or hearing in the same cause. We feel that is what would happen in this instance if the State were allowed another opportunity to prove the enhancements in this case, in light of *Bullington v. Missouri* [451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981) ]

* * * *Bullington* tells us that the Double Jeopardy Clause can apply to punishments when the punishment depends on whether the State has proved or failed to prove specific punishment allegations. *When the punishment does depend on such allegations and the State fails to prove them initially, the State may not attempt to make the defendant endure a relitigation of the issue.*

* * * * * *

We do not today intimate that if appellant were later charged in another indictment with a *new offense* that the State would be foreclosed from alleging and proving the same enhancement allegations made here. Such would not subject the appellant to multiple determinations of the State's allegations *in the same case.*"

*Cooper v. State,* 631 S.W.2d 508, 513–514 (Tex. Cr.App.1982).

In his dissenting opinion Judge McCormick also alludes to "compar[ing] apples to oranges," asserting that the Supreme Court carefully

The second enhancement paragraph in Cause Number 288754 reads:

"Before the commission of the primary offenses, and after the conviction [alleged in the first enhancement paragraph] was final, the Defendant committed the felony of unlawfully passing as true, a forged instrument in writing and was convicted on July 30, 1975, in Cause No. 228357, in Harris County, Texas."

This allegation was sufficient on its face to allege a prior conviction for enhancement purposes. See *McClain v. State*, 505 S.W.2d 825 (Tex.Cr.App.1974). The defect in the indictment in Cause Number 228357 did not deprive the trial court in Cause Number 288754 of authority to find applicant an habitual offender. That the conviction alleged proved to be void *ab initio*, as a matter of law,[3] simply means the State has failed to establish as a matter of *fact* what is alleged, *viz:* that applicant "was *convicted* on July 30, 1975, in Cause No. 228357, in Harris County, Texas." Having failed to prove a valid conviction was obtained in Cause Number 228357, the State cannot be allowed a second opportunity, consistent with our holding in *Carter v. State*, supra, to prove applicant's "habitual offender status" under the same primary

offense as that alleged in Cause Number 288754. Compare *Briggs v. Procunier*, supra.[4]

Because his punishment hearing in Cause Number 309176 was conducted before the jury, applicant is entitled to a new trial on the issue of guilt as well as punishment. *Ex parte Augusta*, supra. At his new trial it may be shown that applicant is a repeat offender pursuant to § 12.42(a), supra, but not that he is an habitual offender under § 12.42(d), supra.

Relief is granted. Applicant is remanded to the custody of the sheriff of Harris County to answer to the indictment pending in Cause Number 309176. The Clerk of this Court is directed to forward a copy of this opinion to the Texas Department of Corrections.

It is so ordered.

McCORMICK, Judge dissenting.

Relying on this Court's prior opinion in *Carter v. State*, 676 S.W.2d 353 ((Tex.Cr. App.1984), the majority takes another giant step in the wrong direction and further compounds the erroneous expansion of *Burks-Greene-Bullington*[1] that began with *Carter*. Where the majority goes astray, as it did with *Carter*, is in comparing

---

pointed out that "it was carving a very narrow exception." However narrow, the Supreme Court made clear that the very principle reflected in his excerpt from [101 S.Ct.] pages 1857–1858 of *Bullington* is *not* applicable to "a trial on the issue of punishment," *id.*, at 1858, *viz:*

"By enacting a capital sentencing procedure that resembles a trial on the issue of guilt or innocence, however, Missouri *explicitly requires* the jury to determine whether the prosecution has 'proved its case.' [emphasis by Justice Blackmun] Both *Burks* and *Green*, as has been noted, state an exception to the general rule relied upon in *North Carolina v. Pearce* [395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)]. That exception is applicable here, and we therefore *refrain from extending the rationale of Pearce to the very different facts of the present case.* * * *

* * * Having received 'one fair opportunity to offer whatever proof it could assemble [on punishment],' *Burks v. United States*, ... the State is not entitled to another."
*Bullington*, 101 S.Ct. at 1861–1862.

3. See *Ex parte Howeth*, 609 S.W.2d 540 (Tex.Cr. App.1980); *Ex parte White*, 659 S.W.2d 434 (Tex.Cr.App.1983).

4. In *Briggs*, supra, the defendant was found guilty of burglary, but before proceeding to punishment "the State dismissed the enhancement counts because of the difficulty of proving them," *id.*, at 369. Defendant's subsequent motion for new trial was granted. Thereafter the State reindicted him, introducing two different prior offenses for enhancement purposes. Because jeopardy had attached before the State dismissed enhancement counts, and because this Court has viewed jeopardy as attaching to a defendant's "habitual offender status," *Carter*, supra, at 355, the Fifth Circuit found violation of the defendant's right against being placed twice in jeopardy upon the same primary offense.

1. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Bullington v. Missouri*, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981).

the proof of "habitual offender status" with failure to prove guilt. A reading of *Bullington* together with *Burks, Greene, Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980); and *Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), convinces me that the majority has totally misconstrued the requirements of the Double Jeopardy Clause of the United States Constitution as well as misapplied the holdings of these cases.

The doctrine of "implicit acquittal" of *Green*, supra, which the United States Supreme Court applied to *Burks-Greene-Bullington* cannot be logically twisted to arrive at the tortured result the Court reaches today or that it reached in *Carter*. In the instant case, applicant initially was found guilty of theft, and after pleading true to the two enhancement allegations, was sentenced to life imprisonment. Thereafter, it was apparently discovered that one of the prior convictions alleged in the indictment was based on a fundamentally defective charging instrument.

A new indictment was returned which alleged the same primary offense, the previously alleged prior conviction which was valid, and a different prior conviction in place of the one which had been based on the faulty charging instrument. Applicant was again assessed a life sentence following a determination of guilt on the primary offense and a finding of true on the enhancement paragraphs.

The majority now concludes that such substitution of a different prior conviction is prohibited by the Double Jeopardy provisions of both the United States and Texas Constitutions. The State, upon retrial, did not attempt to muster additional evidence to prove what had been alleged in the first trial. Further, the fact that the prior conviction relied upon in the first trial was based on a void indictment is not an implied acquittal under the Double Jeopardy provisions. This Court has on numerous occasions held that a retrial of a defendant whose conviction was based on a fundamentally defective indictment is not prohibited. The State in such instances is warranted in seeking a new, valid indictment and again putting such defendant to trial for the same conduct, and any new conviction which obtains is not subject to a Double Jeopardy attack. So why make an exception in this instance?

No matter how broadly one reads *Burks-Greene-Bullington*, it cannot be concluded that they hold any more than this: When the prosecution is unsuccessful in proving facts it has alleged, then the prosecution is prohibited from thereafter attempting to prove the *same* facts. This Court was incorrect when it extended the holdings of *Cooper v. State*, 631 S.W.2d 508 (Tex.Cr. App.1982), and *Ex parte Augusta*, 639 S.W.2d 481 (Tex.Cr.App.1982), to apply to the facts of *Carter*. *Carter* should be overruled.

Where the Court has erred is that it compares the "status of habitual offender" to an allegation of an offense. It was held by this court that "habitual offender" was not an offense. *Ex parte Burch*, 160 Tex. Cr.R. 83, 267 S.W.2d 560 (1954). To equate the legal determination of habitual offender status to the finding of guilt for an offense is to compare apples to oranges. Both the Fifth Amendment to the United States Constitution and Article I, Section 14, speak to double jeopardy in terms of the same *offense*. Even when it extended *Burks-Greene-Bullington*, the Supreme Court was very careful to point out that it was carving a very narrow exception:

"It is well established that the Double Jeopardy Clause forbids the retrial of a defendant who has been *acquitted* of the crime charged. [Citations omitted.] This Court, however, has resisted attempts to extend that principle to sentencing. The imposition of a particular sentence usually is not regarded as an 'acquittal' of any more severe sentence that could have been imposed. The Court generally has concluded, therefore,

that the Double Jeopardy Clause imposes no absolute prohibition against the imposition of a harsher sentence at retrial after a defendant has succeeded in having his original conviction set aside. [Citations omitted.]" (Emphasis in original.) *Bullington,* supra, 101 S.Ct. at 1857–1858.

Would it not be logical to also conclude that imposition of an equal sentence upon retrial is permissible?

Because the majority goes far beyond the requirements of either the Texas or United States Constitution, I must dissent not only to the granting of relief to applicant in the instant case, but also to its failure to reexamine *Carter* and overrule it.

W.C. DAVIS and CAMPBELL, JJ., join in this dissent.