Reymundo Sanchez RIVERA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–96–381–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 20, 1997.

Kathleen O. Matey, Corpus Christi, for Appellant.

Carlos Valdez, Dist. Atty., Adolfo Aguilo, Jr., Asst. Dist. Atty., Corpus Christi, for Appellee.

Before SEERDEN, C.J., and YANEZ and CHAVEZ, JJ.

## OPINION ON MOTION
## FOR REHEARING

YANEZ, Justice.

We withdraw our original opinion in this case. This is now the opinion of the Court. After pleading guilty, appellant, Reymundo Sanchez Rivera, was convicted of third-degree felony driving while intoxicated. TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b) (Vernon Supp.1997).[1] On the basis of the charge, the court enhanced appellant's punishment under the habitual felony provision and sentenced him to thirty-five years in the Texas Department of Criminal Justice, Institutional Division. TEX. PENAL CODE ANN. § 12.42(d)(1) (Vernon Supp.1997).[2] By five points of error, appellant claims that the trial court erred in finding the enhancement allegations true and that he had ineffective assistance of counsel at trial. The State concedes a point of error regarding the enhancement of his punishment. We reverse and render in favor of appellant in relation to the charge of habitual felony offender status; we reverse and remand for a new punishment hearing in relation to the felony driving while intoxicated charge.

By an indictment filed on May 6, 1996, appellant was charged with his third felony driving while intoxicated (hereinafter "DWI") offense and with habitual felony offender status. In relation to the underlying DWI charge, the indictment alleged appellant "had previously been convicted two or more times of the offense of intoxicated driver, namely, in cause number 92–CR–0840–E ... and in [Cause Number] 90–CR–1736–B." Both of these prior convictions also were for "felony DWI."[3] In relation to habitual felony offender status, the indictment alleged that appellant "[had] previously been convicted of two felonies, the first ... being for Felony Driving While Intoxicated, ... in Cause Number

89–CR–54–H, ... and the second previous conviction being for Felony Driving While Intoxicated, ... in Cause Number 90–CR–1736–B, ... and that the second previous conviction was for an offense that occurred after the first previous conviction."

On May 31, 1996, after waiving trial by jury and reading of the indictment, appellant pleaded guilty to the offenses charged and true to the prior convictions alleged. The court inquired whether a plea agreement was in existence. One had been reached, by which appellant would have served six years in prison and paid a $500 fine. The court, however, rejected this agreement because of appellant's numerous prior DWI convictions.[4] The court allowed appellant the opportunity to withdraw his plea and admonished him as to the implications of continuing his plea of guilty. Appellant indicated that he understood his rights and the implications of a guilty plea, and he again pleaded guilty.

Appellant's first two points of error raise the question of whether prior DWI convictions can be used to enhance a subsequent DWI charge under the DWI statute and, at the same time, also be used to find a defendant an habitual felony offender under a general enhancement statute. By point of error one, appellant claims the trial court erred in finding "true" appellant's previous convictions in cause numbers 89–CR–54–H and 90–CR1736–B under the habitual felony offender paragraph of the indictment, because these convictions were for the same conduct reached by the underlying felony DWI charge and its enhancement. The previous DWI convictions, appellant maintains, only could be used to enhance the DWI charge, because of a special enhancement provision attached to the DWI offense. By his second point of error, appellant claims the trial court erred in finding "true" the prior conviction in cause number 90–

---

1. We cite to the current Penal Code sections because amendments to these particular sections subsequent to when the facts of this case developed have no bearing on the outcome of this appeal.

2. We cite to the current Penal Code section because amendment to this particular section subsequent to when the facts of this case developed have no bearing on the outcome of this appeal.

3. Appellant had a total of seven prior DWI convictions.

4. Because punishment exceeded the plea agreement, the trial court's permission to appeal is not required. *See* TEX.R.APP. P. 40(b)(1).

CR–1736–B in relation to the habitual felony offender paragraph[5] because this prior conviction already had been alleged for enhancement of the underlying DWI charge. Appellant charges that the State is not permitted to use a prior conviction more than once in the same prosecution. The State concedes point of error two.

■ We first consider appellant's claim that these issues may be raised on appeal notwithstanding his failure to object to the indictment before trial. Article 1.14(b) of the Texas Code of Criminal Procedure stipulates that if a defendant does not object to a defect, error, or irregularity in an indictment[6] before the date on which trial on the merits begins, he waives and forfeits the right to raise the objection on appeal. TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon Supp.1997); *Studer v. State*, 799 S.W.2d 263, 268 (Tex.Crim.App.1990); *see also* TEX. CONST. art. V, § 12. In the instant case, an irregularity in the indictment against appellant motivates his claims, yet the record reflects that he raised no objections to the form or substance of the indictment before or during trial.

Appellant, however, cites *Carter v. State*, 676 S.W.2d 353 (Tex.Crim.App.1984), *Ex parte Gonzales*, 707 S.W.2d 570 (Tex.Crim. App.1986), and *Ex parte Quirke*, 710 S.W.2d 582 (Tex.Crim.App.1986), in support of his argument that we should treat his attack on the court's acceptance of his pleas to the enhancement allegations as challenges to the sufficiency of the evidence, which may be raised for the first time on appeal. In *Carter*, the Court of Criminal Appeals viewed an attack on enhancement allegations as tantamount to a sufficiency of the evidence challenge, but did so because the State previously had failed to prove one of the prior convictions alleged in an indictment. *Carter*, 676 S.W.2d at 354. In consideration of double jeopardy concerns, the Court of Criminal Appeals denied the State a second

opportunity to prove habitual offender status with a different prior conviction. *Id.* at 355. *Ex parte Gonzales* also involved the question of whether the State was allowed a second chance to establish habitual offender status after the trial court had found one of the initial indictment's enhancement paragraphs fundamentally defective. *Ex parte Gonzales*, 707 S.W.2d at 571. Citing double jeopardy concerns, the Court of Criminal Appeals denied the State a second chance to prove habitual offender status. *Id.* at 573. In *Ex parte Quirke*, the Court again held that use of a void conviction to enhance a present conviction constitutes failure of the State to prove the allegation, in a way that double jeopardy bars the State from another chance to prove the allegation. *Ex parte Quirke*, 710 S.W.2d at 584.

The instant case is fundamentally distinguished from these others because the State proved the prior convictions and habitual offender status. Appellant, that is, does not challenge the veracity of his pleas of true to the enhancement allegations. We therefore find that his challenges to the trial court's acceptance of his pleas to the enhancement allegations fail to constitute challenges to the sufficiency of the evidence for the pleas. Rather, they constitute challenges to the indictment and, as such, were not preserved for review.

■ A defect that renders a sentence void, nevertheless, may be raised at any time, *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex.Crim. App.1996) (citing *Heath v. State*, 817 S.W.2d 335, 336 (Tex.Crim.App.1991)), and it is in this regard that appellant further claims he may challenge the indictment and that the State maintains point of error two should be sustained. By virtue of Section 49.09(f) of the Penal Code, the State argues, prior felony DWI convictions may be used to enhance a DWI charge or to prove habitual felony

---

5. We recognize the controversy over whether habitual felony offender status properly may be considered a "charge." *See Ex parte Gonzales*, 707 S.W.2d 570, 574 (Tex.Crim.App.1986) (McCormick, J., dissenting) (noting that "habitual offender" is not an offense and to compare the determination of habitual offender status to the

finding of guilty is to compare apples and oranges).

6. Defects in the substance and form of indictments are specified in Articles 27.08 and 27.09 of the Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. arts. 27.08, 27.09 (Vernon 1989).

offender status, but not to do both in a single proceeding.

We find the State's position premature. Section 49.09(f) of the Penal Code does state that a conviction may be used for purposes of enhancement under the DWI section of the Code or enhancement under the general enhancement provisions at Subchapter D, Chapter 12 of the Code, but not under both sections. TEX. PENAL CODE ANN. § 49.09(f) (Vernon Supp.1997). This provision, however, became effective on September 1, 1995, and was intended to apply only to offenses that occurred on or after the effective date. *See* Act of June 7, 1995, 74th Leg., R.S., ch. 318, §§ 84(a) & 85(a), 1995 Tex. Gen. Laws 2734, 2763. Any offenses occurring before that date are to be adjudicated under the law governing at that time. *Id.* at § 84(b). Appellant was arrested for the charged felony DWI offense in July 1995. Section 49.09(f) therefore has no application to this case.

Relevant law prior to the date Section 49.09(f) went into effect, nevertheless, precluded the use of prior DWI convictions for enhancement under a general enhancement statute because of the enhancement provisions unique to the DWI offense. *Phifer v. State,* 787 S.W.2d 395, 396 (Tex.Crim.App. 1990); *see also Rawlings v. State,* 602 S.W.2d 268, 271 (Tex.Crim.App.1980) (observing the axiom that prior convictions may not be used for enhancement under general enhancement provisions where a special enhancement provision exists).

■ In the instant case, prior felony DWI convictions were used both to enhance the underlying DWI charge and to prove habitual felony offender status under a separate statute, even though only a charge under the DWI statute (contemporaneous with when the offense occurred) could have been brought against appellant. Points of error one and two are sustained.

By points of error three and four, appellant claims he was denied his right to effective assistance of counsel under the United States and Texas Constitutions, respectively. Appellant argues that his trial counsel (1) failed to recognize that the State was using the same prior conviction more than once in the same prosecution, (2) made no attempt to mitigate appellant's punishment, and (3) made no attempt to advise him as to how to plea following the trial court's rejection of his plea agreement. Had he known that he could challenge the validity of the enhancements, appellant explains, he "would not have pled guilty to the court without at least the benefit of a plea agreement."

■ Even if the deficiencies in legal representation alleged by appellant were true, he fails to present a viable ineffective assistance of counsel claim under federal or Texas law. The federal and State standard of review for ineffective assistance of counsel challenges is that of "reasonably effective assistance." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) (establishing a uniform federal standard). *Hernandez v. State,* 726 S.W.2d 53, 56–57 (Tex.Crim.App.1986) (adopting *Strickland* for ineffective assistance challenges under Texas law). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2063–64; *see also Ex parte Davis,* 866 S.W.2d 234, 239 (Tex.Crim.App.1993) (following *Strickland* in recognizing the importance of the reliability of the trial proceedings). In relation to his guilty plea, a convicted defendant claiming ineffective assistance of counsel must demonstrate a reasonable probability that, but for counsel's errors, he (the defendant) would not have pleaded guilty and instead would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370–71, 88 L.Ed.2d 203 (1985); *Gomez v. State,* 921 S.W.2d 329, 332 (Tex.App.—Corpus Christi 1996, no pet.); *Diaz,* 905 S.W.2d at 307. While counsel for appellant makes a reasonable argument speculating about possible circumstances surrounding appellant's plea of guilty, there is nothing in the record upon which a finder of fact could decide that his plea of guilty to the felony DWI was not freely or voluntarily made or that the legal representation as to the plea was brought about by inadequate counsel. Points of error three and four are overruled.

By his fifth point of error, appellant argues that his guilty plea was not knowingly and voluntarily entered because of the ineffective assistance of his trial counsel. By our disposition of points of error three and four, point of error five is necessarily overruled.

Accordingly, we reverse the judgment of the trial court and render appellant acquitted of the charge of habitual felony offender. The appellant's motion for rehearing is granted and we remand for a new punishment hearing on the felony DWI charge. The state's motion for rehearing is overruled.