**James McCLAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–96–0376–CR.**

Court of Appeals of Texas, Amarillo.

May 28, 1997.

Rehearing Overruled June 27, 1997.

Joseph W. Kline, Lubbock, for appellant.

William C. Sowder, Criminal District Attorney, Lubbock, Michael West, for appellee.

Before BOYD, C.J., and DODSON and REAVIS, JJ.

REAVIS, Justice.

Upon a plea of not guilty, a jury found appellant James McClay guilty of aggravated kidnapping, a second degree felony, in cause number 95–421,404.[1] Due to "faulty" pen packet evidence, the trial judge found the State's two enhancement allegations in the indictment "not true," and sentenced appellant to twenty (20) years confinement. Appellant thereafter filed a motion for, and was granted, a new trial, the effect of which was to vacate the judgment in cause number 95–421,404. Appellant was re-indicted in cause number 96–422,460, and a jury found him guilty of aggravated kidnapping with a deadly weapon. The same trial judge found two of the State's three felony enhancement allegations "true" and sentenced appellant to thirty-five (35) years confinement. By two points of error, appellant seeks a reversal of his conviction in cause number 96–422,460 and a remand of the case to the trial court under the original conviction in cause number 95–421,404 or, alternatively, a reversal and remand for a new punishment hearing. For the reasons expressed herein, we will overrule appellant's two points of error and affirm the judgment in cause number 96–422,460.

The record reflects that appellant was convicted in cause number 95–421,404 on February 20, 1996. Appellant filed a motion for new trial on March 7, 1996, asserting that the trial court made an impermissible comment

1. Under Texas Penal Code Annotated section 20.04 (Vernon 1994), if the defendant proves by a preponderance of the evidence that he voluntarily released the victim in a safe place, the offense is a felony of the second degree rather than of the first degree.

on the weight of the evidence by signing the guilty verdict before sending the charge to the jury. The trial judge agreed and signed an order granting appellant a new trial which was filed March 8, 1996. However, appellant now contends that the trial court improperly granted the new trial *sua sponte* because the order granting the new trial contains type-written language which indicates that it was signed March 6, the day before appellant filed his motion for new trial. The order states, "[t]he Court hereby grants the De-**fendant's Motion for new Trial SIGNED this sixth day of March 1996."** (emphasis added). Appellant urges that because the order granting the "Defendant's Motion for new Trial" was purportedly signed on the sixth of March, and his motion for new trial was *not officially filed until the seventh of March,* that the trial court necessarily erred in granting the new trial *sua sponte.*

■ By his first point of error, appellant contends the trial court erred by granting a new trial *sua sponte* in cause number 95–421,404. Appellant correctly asserts that a trial court has no authority to grant a new trial *sua sponte,* and only an accused can move for and be granted a new trial. Tex. R.App. P. 30; *Ex parte Ybarra,* 629 S.W.2d 943, 945 (Tex.Cr.App.1982); *Zaragosa v. State,* 588 S.W.2d 322, 326–27 (Tex.Cr.App. 1979). However, we disagree with appellant's contention that because the order granting his motion for new trial states, in typewritten language, that it was signed by the trial judge one day before his motion for new trial was filed, that the trial court necessarily acted *sua sponte,* or that it committed reversible error.

First, the record reflects that appellant filed only one motion for new trial and it was based solely on the grounds that the trial court erred by making an impermissible comment on the weight of the evidence. The motion is signed by defense counsel and bears a distinctive word processing reference

footer. The record also reflects that the order granting "Defendant's Motion" for new trial bears a similar reference footer.[2] Additionally, there is nothing in the record to controvert the fact that appellant filed a motion for new trial and the court granted that particular motion, aside from the fact that the typewritten order states that it was signed on the sixth of March. Since it is obvious from the record that appellant actually filed the motion for new trial which was ultimately granted, it necessarily follows that the trial court did not act *sua sponte.*[3]

■ Second, when the court signed the order granting the "Defendant's Motion for new Trial," appellant failed to present a timely and specific request, objection or motion in opposition to the order and obtain a ruling on the record. Consequently, appellant waived any potential error with regard to the granting of a new trial. Tex.R.App. P. 52(a).

■ Furthermore, assuming arguendo that the trial court erred in granting the new trial, it is clear that a party cannot invite error and then be heard to later complain of that error on appeal. *Cadd v. State,* 587 S.W.2d 736, 741 (Tex.Cr.App.1979). Under the doctrine of invited error, if a party requests or moves the court to make an erroneous ruling, and the court rules in accordance with the request or motion, the party responsible for the court's action cannot take advantage of the error on appeal. *Capistran v. State,* 759 S.W.2d 121, 124 (Tex.Cr.App.1982). The record indicates that appellant filed both the motion for new trial and presented the order in question. Because appellant's trial counsel typed in the date of the order for new trial, and since appellant is responsible for moving the trial judge to sign the order, any error which was committed, typographical or otherwise, is attributable to appellant. Therefore, point of error one is overruled.

2. The motion for new trial bears "so/a17/mcclay.mo1" in the lower left hand corner, and the order granting the new trial bears "so/a17/mcclay.ord" in the same location.

3. The docket sheet contained in the record indicates that the trial court held a conference with

the prosecutor and defense counsel on March 6, 1996, at which time the court acknowledged committing reversible error, and advised defense counsel that if a motion for new trial was filed, the court would grant the motion.

■ By his second point of error, appellant contends the trial court erred in punishing him as a habitual offender because the State failed to sustain its burden of proof with regard to the enhancement allegations in the first trial and thus it was barred by double jeopardy from subsequently attempting to enhance the same underlying offense upon retrial.[4] We disagree.

During the punishment phase of the first trial, the State attempted to enhance the underlying offense by introducing evidence of prior felony convictions for forgery and assault with intent to murder, from Dickens and Falls Counties respectively. The trial judge, who appellant elected to set punishment, found the two enhancement allegations in the indictment "not true" because "the pen packets were faulty," and resultantly, appellant's punishment was not enhanced. During the punishment phase of the second trial, the State again attempted to enhance the underlying conviction by introducing evidence of three prior felony convictions; the same two convictions from Dickens and Falls Counties, and a third, aggravated robbery conviction from Stonewall County, all of which were introduced into evidence without objection.[5] This time the trial judge found the Falls and Stonewall Counties convictions "true" and sentenced appellant to thirty-five (35) years confinement.

To support his contention that the double jeopardy clause of the Fifth Amendment to the United States Constitution and the double jeopardy clause of Article I, Sections 14 and 19 of the Texas Constitution, prohibit the State from having a "second bite at the enhancement apple" at either a new punishment hearing, or upon a retrial of the entire case once the evidence of enhancement is found to be insufficient, appellant cites this Court to *Ex parte Bullard,* 679 S.W.2d 12 (Tex.Cr.App.1984); *Ex parte Sewell,* 742 S.W.2d 393 (Tex.Cr.App.1987); *Ex parte Gonzales,* 707 S.W.2d 570 (Tex.Cr.App.1986); and *Ex parte Augusta,* 639 S.W.2d 481 (Tex. Cr.App.1982). However, these holdings are not applicable to the facts in this case.

The cases cited by appellant stand for the proposition that if the State once attempts to enhance a defendant's punishment, and it is later determined that the evidence supporting the enhancement allegations is insufficient, or that the prior conviction upon which the enhancement evidence was based, is void, double jeopardy prevents the State from attempting to "re-enhance" the defendant's punishment at either a new trial or a new punishment hearing. The double jeopardy bar to "re-enhancement" in the cited cases is vitally dependent upon the specific determination that the evidence of the enhancement allegation(s) was either insufficient, or the enhancement conviction itself was void. *See also Cooper v. State,* 631 S.W.2d 508 (Tex.Cr. App.1982). In other words, the new trials and punishment hearings in the cited cases were all granted for the reason that the evidence which the State introduced to establish the enhancement allegations was insufficient.

Contrary to the cases cited by appellant, in the instant case appellant filed a motion for, and was granted, a new trial based solely upon an impermissible comment on the weight of the evidence by the trial judge, (a trial error). Because the new trial motion was granted solely on the basis of trial error, as opposed to a finding of insufficient enhancement evidence, double jeopardy does not bar either a retrial or "re-enhancement." *Ex parte Queen,* 877 S.W.2d 752, 754–55 (Tex.Cr.App.1994); *Franklin v. State,* 693 S.W.2d 420, 432 (Tex.Cr.App.1985).

The double jeopardy clauses of the Texas and United States Constitutions protect against three abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 716–17, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); *Phillips v. State,* 787 S.W.2d 391, 393 (Tex.Cr.App.1990). The United States and Texas Constitutions also protect the accused from attempts to secure additional punishment after a prior convic-

---

4. *See* Texas Penal Code Annotated section 12.42 (Vernon 1994).

5. Defense counsel did not simply fail to object, rather he affirmatively stated to the court that he had "no objection."

tion and sentence. *Brown v. Ohio*, 432 U.S. 161, 165–66, 97 S.Ct. 2221, 2225–26, 53 L.Ed.2d 187 (1977); *Cervantes v. State*, 815 S.W.2d 569, 573–74 (Tex.Cr.App.1991). Jeopardy attaches in a jury trial when the jury has been empaneled and sworn. *McElwee v. State*, 589 S.W.2d 455, 459 (Tex.Cr. App.1979).

Once the jury was empaneled and sworn in the first trial, initial jeopardy attached. *Id.* At the conclusion of that trial, appellant was convicted and sentenced to twenty (20) years, but when the order granting the new trial was signed, the judgment was vacated and the case was restored to the same position it was in before the former trial, and initial jeopardy did not terminate. Tex.R.App. P. 32; *Ex parte Queen*, 877 S.W.2d at 754–55; *Lofton v. State*, 777 S.W.2d 96, 97 (Tex.Cr. App.1989); *Franklin v. State*, 693 S.W.2d at 432. "[W]hen a defendant's motion for new trial is granted based upon trial error, the initial jeopardy has not terminated, and double jeopardy does not bar a retrial regardless of the sufficiency of the evidence at the former trial." *Ex parte Queen*, 877 S.W.2d at 754–55.

Since the present case was restored to its former position before the first trial, when appellant's motion for new trial was granted, initial jeopardy remained attached, and was not terminated by either an acquittal or conviction. Therefore, as with a new trial after a mistrial, initial jeopardy continues. *Lofton v. State*, 777 S.W.2d at 97; *Ex parte McAfee*, 761 S.W.2d 771, 772–73 (Tex.Cr.App.1988). An accused must suffer jeopardy before he can suffer double jeopardy. *Ex parte McAfee*, 761 S.W.2d at 773. When the trial judge granted appellant's motion for new trial based upon trial error, he did not order an acquittal based upon insufficient evidence, rather the effect of the order was to set aside the verdict and vacate the judgment of conviction. Tex.R.App. P. 32; *Ex parte Nickerson*, 893 S.W.2d 546, 548 (Tex.Cr.App.1995). Therefore, appellant had neither gained an acquittal, nor suffered a conviction or punishment. *Lofton v. State*, 777 S.W.2d at 97. Consequently, neither of the three abuses protected against by double jeopardy were implicated and the trial court did not err in allowing the State to enhance appellant's punishment in the second trial.

 Moreover, when in the punishment phase of the second trial, the State offered evidence of appellant's prior convictions for enhancement purposes, appellant's trial counsel affirmatively stated, "Your Honor, for purposes of the hearing we have no objection to the admission of them." In order to preserve error for appellate review a party must raise a timely and specific objection and obtain a ruling on the record. Tex.R.App. P. 52(a). Since double jeopardy is ordinarily waived unless raised by special plea, and since appellant neither filed a special plea of double jeopardy nor objected to the introduction of enhancement evidence at the second trial, any error was waived. Appellant's second point of error is overruled.

Accordingly, the judgment in cause number 96–422,460 is affirmed.