# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00497-CR

**Francisco Marcos Aleman, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 22ND DISTRICT COURT OF COMAL COUNTY
### NO. CR2021-142, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Francisco Marcos Aleman was convicted of evading arrest or detention with a vehicle based on his open plea of guilty, with the State having the right to seek a deadly-weapon finding at punishment. *See* Tex. Penal Code § 38.04(b)(2)(A). At the punishment hearing, the trial court made an affirmative finding that a deadly weapon[1] was used or exhibited in the commission of the offense. The court assessed sentence at confinement in prison for ten years. Despite waiving his right to file a motion for new trial or an appeal in his plea bargain, Aleman filed both a motion for new trial and a notice of appeal. The State moves to dismiss the appeal for want of jurisdiction. We grant the motion and dismiss this appeal.

---

[1] The indictment alleged three deadly weapons: the vehicle in which he evaded arrest, a pyrotechnic, and a firearm. The written judgment did not specify the weapon the court found was used. The court stated at the close of the punishment hearing, "It's one thing to be running from the police. But when I find out why that is the case and what's in this vehicle, I think he is a danger to our society at this point, and I think he needs to find out what happens."

# BACKGROUND

In his written plea bargain, signed by Aleman and filed December 9, 2021, Aleman waived his rights to trial by jury, to file a motion for new trial, and to appeal from the judgment and sentence or probated sentence agreed upon; the plea agreement includes a handwritten statement that the court had the full range of punishment available and that there was no agreed recommendation. In exchange, the State agreed to waive a jury for the guilt/innocence phase. *See* Tex. Code Crim. Proc. art. 1.13; *In re State ex rel. Ogg,* 618 S.W.3d 361, 363, 365 (Tex. Crim. App. 2021). The plea agreement also stated that the State reserved the right to provide evidence of a deadly weapon for the court to determine. At the December 9, 2021 plea hearing, Aleman acknowledged that he agreed to plead guilty and that the trial court would decide the deadly-weapon issue and would have the full range of punishment available. The only time the word "probation" appears in the plea-hearing record is when the court said it would ask the probation department for a presentence investigation and when the court said to defense counsel that "he needs to make his arrangements with the probation department to get this process started."

On April 12, 2022, the court held a punishment hearing. When testifying, Aleman's father requested probation for his son. After the testimony, the trial court made the deadly-weapon finding and assessed a sentence of ten years in prison. The trial court also stated on the hearing record that it was "going to retain jurisdiction for a period of 180 days. We'll see how he does. And [defense counsel], I'm quite confident you know what that means." Defense counsel said he did. That same day, the court certified that this is a plea-bargain case, that Aleman had no right to appeal, and that Aleman had waived the right to appeal.

On April 19, 2022, Aleman filed a motion for new trial and motion in arrest of judgment. The motion asserts that the trial court "asked the defendant's attorney to file for shock

2

probation at the appropriate time and said it would consider it."[2] The motion then states that Aleman is ineligible for shock probation. In a later-filed advisory to the court, defense counsel explained further that the deadly-weapon finding disqualified Aleman from receiving probation. These motions are not sworn or verified, no sworn statement is attached to them, and the reporter's record does not contain any express invitation by the court to request shock probation.[3] The only statements that might allude to it are the trial court's statements from the punishment hearing quoted above about retaining jurisdiction for 180 days and "seeing how he does." The trial court granted the motion for new trial on May 12, 2022.

On June 6, 2022, Aleman filed a motion to withdraw his plea agreement. He complained that his attorney advised him that he was eligible for release after six months in prison, but that the court's deadly-weapon finding rendered him ineligible for shock probation. This motion was not sworn or verified, nor was it supported by excerpts from the record or sworn statements.

That same day, the State moved to rescind the court's order granting the motion for new trial, arguing that the order was void because, under the plea agreement, Aleman could not file a motion for new trial. The State argued further that the trial court's order granting the new

---

[2] "Shock probation" means the suspension of an imposed sentence conditioned on terms of community supervision. Defendants can get shock probation (suspension of an imposed sentence conditioned on terms of community supervision) within 180 days after imposition of a sentence if they are otherwise eligible for community supervision. Tex. Code Crim. Proc. art. 42A.202(b)(2). A judge cannot grant community supervision after determining the defendant used a deadly weapon during the commission of a felony. *Id.* art. 42A.053, 054(b). No similar limitation is placed on a jury's power to recommend community supervision when it makes a deadly-weapon finding. *See id.* art. 42A.055, .056.

[3] We do not suggest that a sworn motion would change the outcome here, but merely point out that the allegations in the motion are not evidence or based on sworn evidence.

trial was improperly contrary to the plea agreement it had accepted and thus void.[4] *See Perkins v. Court of Appeals for 3d Supreme Judicial Dist.*, 738 S.W.2d 276, 280 (Tex. Crim. App. 1987). The *Perkins* court wrote that a trial court is "without any authority or power to do other than specifically enforce the agreement." *Id.* at 283.

On June 13, 2022, Aleman filed a motion to enforce the court's new-trial order, contending that his previous counsel had stated multiple times that, under the plea agreement, Aleman would be eligible for probation within six months. Aleman asserts that the trial court "made a representation regarding future shock probation to Defense Counsel during or around the time the plea deal was being entered." Aleman asserted that his previous counsel provided ineffective assistance, rendering his plea involuntary and resulting in his getting the maximum ten-year sentence without the possibility of shock probation. This motion was not sworn or verified nor was it supported by excerpts from the record. Aleman filed a sworn motion for probation, but it was not part of the motion to enforce the new-trial order.

On August 8, 2022, the trial court signed an order rescinding and declaring void its May 12, 2022 order granting a new trial. On August 9, 2022, Aleman filed a notice of appeal. Aleman also requested that the trial court recertify the case as not being a plea-bargain case because he planned to appeal the trial court's rescission of the grant of a new trial.

---

[4] The State also argued that the "trial court lacks authority to order a new trial 'sua sponte' or 'on its own motion,'" citing *State v. Morales*, No. 05-12-01297-CR, 2013 WL 5676210 (Tex. App.—Dallas Oct. 17, 2013, no pet.) (op., not designated for publication) (citing *Zaragosa v. State*, 588 S.W.2d 322, 326-27 (Tex. Crim. App. 1979)). However, because the trial court here expressly considered and granted Aleman's motion for new trial, "it necessarily follows that the trial court did not act sua sponte." *McClay v. State*, 946 S.W.2d 170, 172 (Tex. App.—Amarillo 1997, pet. ref'd).

On August 24, 2022, the trial court signed a second certification, this time certifying that this is not a plea-bargain case and that appellant has the right to appeal. This Court later noted by letter to the parties, however, that the certification did not accurately reflect the record because there was a plea bargain and that the case was a "plea-bargain case" by rule because Aleman pled guilty, there was no agreement as to punishment, and the trial court set the punishment within the allowable range. *See* Tex. R. App. P. 25.2(a)(2).

On January 13, 2023, while this appeal was pending, the trial court signed a third certification, that time certifying that this appeal is a plea-bargain case but that the trial court has given permission to appeal and that the defendant has the right to appeal.

## DISCUSSION

The State filed a motion to dismiss this appeal, contending that the trial court was required to enforce the plea agreement, that the plea agreement prohibited Aleman from filing a motion for new trial and notice of appeal, and that the trial court's second and third certifications of the right to appeal were nullities and void.

Aleman filed his brief arguing that the trial court lacked the authority or jurisdiction to rescind its order granting a new trial after the State lost the right to appeal and the trial court lost its plenary jurisdiction. We conclude that the trial court's order granting the new trial vested it with all the jurisdiction necessary to later rescind that order because the State did not appeal and the new trial did not begin. *See Kirk v. State*, 454 S.W.3d 511, 513 (Tex. Crim. App. 2015).

While receiving misinformation about matters such as probation may render a guilty plea involuntary if the defendant shows that the misinformation induced the plea, a claim alone is not enough to hold a plea involuntary. *Tabora v. State*, 14 S.W.3d 332, 336 (Tex. App.—

5

Houston [14th Dist.] 2000, no pet.). A claim for ineffective assistance of counsel must be affirmatively supported by the record, which is often best developed in the context of an evidentiary hearing on motion for new trial or application for writ of habeas corpus. *Id.* There is no record of an evidentiary hearing in this case on the motion for new trial or on the motion for rescission of the new-trial order. This proceeding is a direct appeal of the conviction, not an application for writ of habeas corpus.[5]

In the absence of a record like that described in *Tabora,* the trial court had the power only to enforce the plea agreement regarding Aleman's waiver of his rights to file a motion for new trial and to appeal. *Perkins*, 738 S.W.2d at 283. The motion for new trial and notice of appeal were therefore improper and a violation of the unrevoked plea agreement. Because Aleman validly waived his right to appeal, we never acquired jurisdiction over this appeal. *Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014).

The valid certification that Aleman lacked the right to appeal controls. The initial certification that Aleman pled guilty, waived his right to appeal, and has no right to appeal accurately reflected the status of the record at the time of judgment. The second certification that this was not a plea-bargain case was defective because it did not accurately reflect the record; Aleman entered into a plea bargain regardless of what he later came to believe about the circumstances surrounding that plea or the intended focus of his appeal. The third certification accurately reflected that Aleman pled guilty and waived his right to appeal but stated that the court

---

[5] We note that, as part of his plea bargain, Aleman stated

I knowingly, intelligently, and voluntarily waive my right to seek relief pursuant to a post conviction writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure based on any claim that is known or reasonably should have been known to me at the time of my plea of "Guilty."

granted him permission to appeal. The grant of permission is inconsistent with Aleman's plea bargain and, more critically, is a change in the court's position from the original certification that exceeded the scope of the rule that permits an amended certification "*correcting a defect or omission* in an earlier filed notice or certification." *See* Tex. R. App. P. 25.2(f) (emphasis added); *Gomez v. State*, No. 08-14-00006-CR, 2016 WL 3536069, at *3-4 (Tex. App.—El Paso May 31, 2016, no pet.) (op., not designated for publication) (amendment to certification of right to appeal that exceeds correction of a defect or omission in original certification is not permitted). Also, the trial court signed its third certification after the record was filed in this appeal while proceedings in the trial court were suspended absent further order of this Court. Tex. R. App. P. 25.2(g). Thus, the trial court lacked authority to sign the third certification because no one sought or obtained an abatement of this appeal for that purpose. *See Harris v. State*, 137 S.W.3d 829, 831 (Tex. App.—Waco 2004, no pet.). Thus, the only valid certification is the original certification that accurately states that Aleman waived his right to appeal and has no right to appeal. Accordingly, we never acquired jurisdiction over this appeal. *See* Tex. R. App. P. 25.2(d) ("The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules."); *Gomez*, 2016 WL 3536069, at *4.

**CONCLUSION**

Because Aleman waived his right to appeal as part of an unrevoked plea bargain and because the only accurate certification of the right to appeal properly in the record under the rules of appellate procedure shows that Aleman has no right to appeal, we grant the State's motion and dismiss this appeal.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Dismissed

Filed:   July 26, 2023

Do Not Publish