# 1217-15

NO. PD-1217-15

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

ORIGINAL

AUSTIN, TEXAS

NO. 09-14-00301-CR

IN THE COURT OF APPEEALS FOR THE

NINTH DISTRICT OF TEXAS

AT BEAUMONT TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 18 2015

Abel Acosta, Clerk

TRIAL COURT NO. 23233

IN THE 258TH DISTRICT COURT

OF POLK COUNTY, TEXAS

JOSEPH BERNARD COOPER,

APPELLANT

VS.

THE STATE OF TEXAS

APPELLEE

FILED IN
COURT OF CRIMINAL APPEALS

NOV 18 2015

Abel Acosta, Clerk

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

JOSEPH BERNARD COOPER

JESTER III UNIT #1938617

3 JESTER ROAD

RICHMOND, TEXAS 77406

PRO SE APPELLANT

JOSEPH BERNARD COOPER

COVER PAGE

# TABLE OF CONTENTS

PAGE NUMBER

Table of contents .............................. 1

Identity of parties involved...................... 2

Statement regarding oral Argument................. 20

Statement of Procedural history................... 5

Index of authorities............................. 3 and 4

Arguments:"Appellant adopts all statements contained in Appellant's Pro Se Appeals Brief"

1. Did the Ninth court of appeals decide an important question of state law by dening appellant new counsel to re-brief appeal when error was found?...PG. 5

2. Did the Ninth court of appeals decide an important question of state law in holding that appellant did not suffer reversable harm when not allowed to attend pre-trial?...PG.6

3. Did the Ninth court of appeals decide an important question of state law by holding that the court did not abuse it's discretion by dening the appellant his right to be present in the courtroom when the jury communicated to the court four notes in violation of CCP Art. 36.27?...PG.6

4. Did the court violate my rights to Double Jeopardy by exceeding the number of allowable units of prosecution then the legislature intended for a given set of conduct?...PG.6

5. Did the trial court error by not including the alledged enhancements on the face of the indictment defeasible of the fifth circuit ruling in Childress v. Johnson making the sentence Illegal?...PG. 7

6. Did the trial court error by way of IMPROPER JURY CHARGE BY USING NON-STATUTORY DEFINITIONS IN THE JURY CHARGE?...PG. 7

7. Is the evidence constitutionally insufficient to sustain appellant's conviction for aggravated assault with a deadly weapon.?...PG.7

8. Did the trial court error by not ruling on appellant's motion for new trial?...PG.7

9. Did the trial court error by refusing to instruct the jury on a lesser-included offense?.
    (A) Is assault causes bodily injury a lesser-included offense of aggravated assault with a deadly weapon?...PG.7
    (B) Does evidence exists that would permit a jury to rationally find appellant guilty only of the lesser-included offense? ...PG.7

10. Did the judge abuse her discretion by refusing to recall testimony when asked by Jury?.PG.7

Conclusion and Prayer for relief................. 20

Declaration...................................... 21

Certificate of service.......................... 21

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 68.4 (a), a complete list of the names and all interested parties is provided below.


Appellant:                                    Joseph Bernard Cooper

                                              TDCJ ID#1938617

Presiding Judge at Pretrial                   HON. KAYCEE JONES,
and Voir Fire Proceedings:                    411th Judicial district
                                              Polk County Judicial Center


Presiding Judge:                              Judge Ernest McClendon
                                              258th District Court
                                              Polk County Judicial Center

Trial Counsel for Appellant                   Dana Williams
                                              401 N.Washingtom Ave.
                                              Livingstop Texas 77351

Trial Counsel For Appellee                    Beverly D. Armstrong
                                              Assistant Criminal District Attorney
                                              Galveston County District Attorney's
                                              Office, 600 59th street, #1001
                                              Galveston, Texas 77551

Appellate Counsel for Appellee                B. Tood Dillon
                                              Assistant Criminal District Attorney
                                              Polk County District Attorney's
                                              Office, 101 W. Mill Street, suite#247
                                              Livingston Texas 77351

Appellate Counsel for Appellate               Mike Aduddell
                                              223 Simonton Street
                                              Conroe, Texas 77351

Appellee                                      The State of Texas

_____
JOSEPH BERNARD COOPER
Pro Se Appellant

# INDEX OF AUTHORITIES

|  | PAGE NO. |
|---|---|
| Martin v. Maxey, 98 F. .3d 844,847, (5dth. Cir.1996) | 5 |
| Childress v. Johnson, 103 F. .3d 1221,1229 (1997) | 7,12 |
| Nissan Motor co. v. Armstrong 145 S.W. .3d 131,144 (Texas 2004) | 9 |
| Goode v. Shoukfen, 943 S.W. .2d 441,446 (Tex. 1997) | 9 |
| Rutledge v. United States, 517 U.S. 292,301-03,116 S.Ct. 1241 | 11 |
| Ball v. United States, 470 U.S. 856,864-65,105 S.Ct. 1668 | 11 |
| Ex parte Beck, 922 S.W. .2d at 182 (CITING) * | |
| Health v. State, 817 S.W. .2d 336 (Tex.Crim.App. 1991) * | 11 |
| Ex parte Miller, 921 S.W. .2d at 239 | 11 |
| Mizell, 119 S.W. .3d at 806 | 11,12 |
| Ex parte Drinkert, 821 S.W. .2d, 953 | 12 |
| Girdy v. State (Cr.App. 2006) 213 S.W. .3d 315 | 12 |
| Earl v. State 870 S.W. .2d 669 (1994) | 13 |
| Tenner v. State 850 S.W. .2d 818 (1993) | 13 |
| Currie v. State 30 S.W. .3d 394,398 (2000) | 13 |
| Briggs v. Procunier 764 F. 2d 368 (1985) at 371 | 13 |
| French v. Estelle, 692 F. .2d 1021,1023 (5th. Cir. 1982)✲✲✲✲✲✲✲✲✲✲✲✲✲✲✲✲✲✲✲✲✲✲✲✲ | |
| ✲✲ Cert. denied, 461 U.S. 937,103 S.Ct. 2108 | 13 |
| Tex. Gov't Code Ann. § 311.011 (west 2013) | 14 |
| Tex. Penal Code Ann. § 1.05 (B) (west 2011) | 14 |
| V.T.C.A, Penal code § 1.07 (a),(11),(A,B) | 16 |
| Kirsch v. State, 357 S.W. .3d 645,652 (Tex.Crim.App. 2012) | 14 |
| Bluitt v. State, 137 S.W. .3d 51,53 (Tex.Crim.App. 2004) | 14 |

CONT...PG.4

# INDEX OF AUTHORITIES

PAGE NO.

Saunder v. State, 817 S.W. .2d 688,692 (Tex.Cir.App. 1991)    14

Thomas v. State 821 S.W. .2d 616 (Tex.Cr.App. 1991)    16

Rousseau, 855 S.W. .2d at 672-73    18

Moreno v. State, 38 S.W. .3d 774,778 (Tex.App--Houston[14 Dist] 2001    18

Wawrykow v. State, 866 S.W. .2d 87,88-89 (Tex.App.Beaumont 1993)    18

Goodin v. State, 750 S.W. .2d 857,859 (Tex.App.Corpus Christi 1988)    18

----------------------------------------------------------------------

TEXAS CODE OF CRIMINAL PROCEDURE    Art. 36.27    10

36.28    19

37.08    12.

21.03    12

28.10

----------------------------------------------------------------------

TEX.R. APP.    >>>    44.1    9

68.4 (a)    2,20

## STATEMENT OF PROCEDURAL HISTORY

On March 21, 2014, Appellant was indicted for Assault with a Deadly Weapon (count 1) and Assault causes Bodily Injury (count 2). Appellant was brought to trial on June 24, 2014. Appellant entered a plea of not guilty on all counts. ThereAfter a Jury found the Appellant guilty on all counts.

The trial Judge found the allegation in the enhancement notification true but never rewrote the indictment to enclude the enhancements. The Appellant was sentenced to 75 years in the texas Department of Criminal Justice on count 1 and 6 months in county jail for count 2. Appellant filed a motion for new trial on July 24, 2014 and request for evidentiary hearing which was never heard or ruled on . Appellant timely filed a Pro Se notice of Appeal on July 1, 2014.

The Ninth Court of Appeals Affirmed the trial Court's judgment on August 12, 2015. **NO MOTION FOR REHEARING WAS FILED.** Appellant now timely petitions this Honorable court for Discretionary review.

Appellant presents **10** grounds for review before this Honorable Court.

### JOSEPH BERNARD COOPER VS. THE STATE OF TEXAS NO.23233

Pro Se Petition for Discretionary review must be construed liberally and are not held to the same stringent and rigorous standards as pleadings filed by lawyers. see Martin v. Maxey, 98 F. 3d 844,847(5th Cir. 1996)

### GROUND ONE FOR REVIEW

DID THE NINTH COURT OF APPEALS DECIDE AN IMPORTANT QUESTION OF STATE LAW BY DENING APPELLANT NEW COUNSEL TO REBRIEF THE APPEAL WHEN ERROR WAS FOUND BY THE APPELLANT? THE ANDERS BRIEF DID NOT REPRESENT THE INDIGENT APPELLANT'S APPEAL TO THE BEST OF Appellate Counsel'S ABILITY RENDERING INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL.

## GROUND TWO FOR REVIEW

DID THE NINTH COURT OF APPEALS DECIDE AN IMPORTANT QUESTION OF STATE LAW THAT HAS NOT BEEN, BUT SHOULD BE, SETTLED BY THE COURT OF CRIMINAL APPEALS IN HOLDING THAT APPELLANT DID NOT SUFFER REVERSABLE HARM WHEN HE WASN'NT ALLOWED TO ATTEND HIS PRE TRIAL HEARING AND MOTIONS HEARING.

## GROUND THREE FOR REVIEW

DID THE NINTH COURT OF APPEALS DECIDE AN IMPORTANT QUESTION OF STATE LAW THAT HAS NOT BEEN, BUT SHOULD BE, SETTLED BY THE COURT OF CRIMINAL APPEALS BY THE TRIAL COURT ABUSING IT'S DISCRETION BY HOLDING THAT APPELLANT DID NOT SUFFER REVERSIBLE HARM BY DENING HIS RIGHT TO BE PRESENT WHEN THE JURY COMMUNICATED WITH THE COURT WITH FOUR NOTES AND THE REREADING OF THE JURY CHARGE. IN VIOLATION OF TEXAS CODE OF CRIMINAL PROCEDURE ART. 36.27 AND MY CONSTITUTIONAL RIGHT TO BE PRESENT AT TRIAL WHICH DENIED ME MY OPPORTunity to defend and object.

## GROUND FOUR FOR REVIEW

DID THE NINTH COURT OF APPEALS DECIDE AN IMPORTANT QUESTION OF STATE LAW THAT HAS NOT BEEN, BUT SHOULD BE, SETTLED BY THE COURT OF CRIMINAL APPEALS IN HOLDING THAT MY RIGHTS AGAINSTS DOUBLE JEOPARDY WAS NOT VIOLATED BY RULING THAT ASSAULT CAUSES BODILY INJURY (count 2) IS NOT A A LESSER INCLUDED OFFENSE OF ASSAULT WITH A DEADLY WEAPON.

THE CORE QUESTION IS WHETHER THE STATE HAS EXCEEDED THE NUMBER OF ALLOWABLE UNITS OF PROSECUTION THAT THE LEGISLATURE INTENDED FOR A GIVEN SET OF CONDUCT. BY GIVING APPELLANT MULTIPLE-PUNISHMENTS ARISING OUT OF THE SAME CRIMINAL ACT IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION AND THE FOUTEENTH AMENDMENT.

## GROUND FIVE FOR REVIEW

DID THE TRIAL COURT ERROR BY NOT INCLUDING THE ALLEDGED ENHANCEMENTS ON THE FACE OF THE INDICTMENT. DID IT BRING BACK A TRUE FACT OF LAW INDEFEASIBLE OF THE FIFTH CIRCUIT RULING IN CHILDRESS V. JOHNSON 103 F. 3d 1221,1229 (1997) AND MANY MORE CASE WHICH REQUIRE THE ALLEDGED ENHANCEMENTS BE LISTED ON THE FACE OF THE INDICTMENT. THEREFORE, MAKING SENTENCE **ILLEGAL**.

## GROUND SIX FOR REVIEW

DID THE TRIAL COURT ERROR BY WAY OF AN **IMPROPER JURY CHARGE** BY INCLUDING NON-STATUTORY DEFINITIONS OF THE TERMS **"DEADLY WEAPON" "BODILY INJURY"**, **"INTENTIONALLY", OR "WITH INTENT," "KNOWINGLY,"OR"WITH KNOWLEDGE"** AND WHERE THE JURY CHARGE INSTRUCTS THE JURY AT IV. par CR. pg. 7

## GROUND SEVEN FOR REVIEW

IS THE EVIDENCE CONSTITUTIONALLY INSUFFICIENT OT SUSTAIN APPELLANT's CONVICTION FOR AGGRAVATED ASSAULT WITH DEADLY WEAPON (COUNT 1) BECAUSE THE ALLEDGED OBJECT (shoe string) WAS NOT A DEADLY WEAPON AND THE STATE FAILED TO PROVE THE APPELLANT ACTUALLY USED OR INTENTIONALLY OR WITH INTENT TO USE IT IN A MANNER CAPABLE OF CAUSING DEATH.

## GROUND EIGHT FOR REVIEW

DID THE TRIAL COURT ERROR BY NOT RULING ON APPELLANT's MOTION FOR NEW TRIAL.

## GROUND NINE FOR REVIEW

DID THE TRIAL COURT ERROR BY REFUSING TO INSTRUCT THE JURY ON A LESSERINCLUDED OFFENSE? (A) IS ASSAULT CAUSES BODILY INJURY A LESSER-INCLUDED OFFENSE OF AGGRAVATED ASSAULT WITH A DEADLY WEAPON? (B) DOES EVIDENCE EXISTS THAT WOULD PERMIT A JURY TO RATIONALLY FIND APPELLANT GUILTY ONLY OF THE LESSER-INCLUDED OFFENSE OF ASSAULT CAUSES BODILY INJURY? IF THE APPELLANT IS GUILTY?

## GROUND TEN FOR REVIEW

DID THE JUDGE ABUSE HER DISCRETION BY REFUSING TO RECALL TESTIMONY?

**GROUND ONE REVIEW ARGUMENTS:** The Appellant contends that the Anders brief was not legally applied to Appellant's case because Error was found in the course of the pre-trial and motion to Limine which if rebriefed would correctly reflect a professional assesment of the laws of the State of texas. The Appellee concedes that Appellant had a right to be present at thes hearings to which the state calls it. see Appellee's brief page 8. Furthermore, other grounds for appeal exist that if give a second counsel on appeal would futher the appeal cause of action.

The Ninth court of appeals has yet to address whether a harm analysis should be conducted to which appellant request from this honorable court.


**GROUND TWO REVIEW ARGUMENTS:** The Appellant contends that the Trial court errored by abusing its discretion by not allowing the Appellant the right to be present at pre-trial and motions hearing to limine.
**see RR, VOL. 2, pg. 5,LL.1-11**

The right of the accused to be present in the courtroom is of constitutional magnifude one that is guaranteed by the confrontation clause of U.S. const. amend. 5 and 14. *appellant adopts the statement contained in Appellants  Pro Se Appeals brief, pg. 8 of 17.

The Appellant could not OBJECT TO OR RAISE QUESTIONS BECAUSE APPELLANT WAS NOT PRESENT AT THE PROCEDING. Therefore, appellant only found out about the pre-trial after receiving the records from the Appellate attorney. So, the court and the Trial Attorney abused its discretion and was ineffective by not even telling me of such a pre-trial.

The appellant state's that if I was present that I would have objected to  and or raised questions to the court as well as my attorney about "prejudicial and irrelevant matters in order to allow some favorable evid- to a justification defense, my state of mind when how the alledge assault

came about, told the court in more detail about the sexual harrasment (see **vol 2 pg6 LL. 1-15**), I would have pressed upon my attorney by way of objection to bring out any alledged victim violent and assaultive criminal history that he has which he has a assaultive history (see **RR vol 2, pg. 5LL,15-25**), I would have requested the witness Billy Dukes statements of the video-tape and explained to the court what it had on it that was favorable to the defense which was with held by the jail and prosecution (Brady violation) (see **RR vol 2 pg. 14, LL,15-25; pg. 15,LL,1-13**), and additionally I would have admited or allowed my medical records in to evidence in order to show mental status and the type of medications I was on, that some of them was not surpose to be taken together which will all come out at a hearing if and when that time comes.(see **RR vol 2 pg. 11,LL,23-24**) Due to the Courts abuse of its discretion and my attorney's ineffective assistance of counsel by not having me at the pre-trial hindered my defense and the cumulative effect of the defense irrelevant and prejudicial matters prejudiced the the jury and my right to defend and admit testimony of a justification defense. **See:** Goode v. Shoukfen, 943 s.w. 2d 441,446(Tex.1997) were a trial court abuses its discretion if it acts arbitrarily unreasonably, or without reference to any guiding rules or principles. the trial judge as well as the Defense attorney knows in all criminal cases the defendant after Indict-ment must be present during the trial procedings. This case should be reversed due to the judges erroneous evidentiary rulings to which error probably caused rendition of an improper judgment and substantially effected the outcome of the trial. see Tex.R.App. 44.1; nissan motor co v. armstrong 145 s.w. 3d 131,144(Texas. 2004). **REQUESTING A HARM ANALYST**

THE APPELLANT ADOPTS THE STATEMENT OF THE CASE CONTAINED IN APPELLANTS PRO SE BRIEF PAGE 8-9 point of error 2

**GROUND THREE REVIEW ARGUMENTS:** The Appellant contends that he was denied his constitutional right to be present in the court when the jury communicated four notes to the court which was in violation of the Texas code of criminal Procedure Art. 36.27 and by being in absantia, thus denied me my right to defend by way of objection. **APPELLANT ADOPTS THE STATEMENT CONTAINED IN APPELLANTS PRO SE BRIEF OF APPEALS PAGE 9-10**

Appellant was not present in court to object to the rereading of the jury charge, when question to the jury was asked about testimony to which was obtainable from the court reporter. the question was **(see RR. vol. 3, pg. 208, LL,11-15)** "was there testimony that indicated the sequence of what happened immediatedly after the altercation through when the cell was cleaned by the inmates?" The Judge abused her discretion by not telling the jury the testimony that she could obtain from the court reporter to refer too. Then there was a considerable and lenghty discusion about what testimony, if the jury had a problem and or disagreement, **(see vol. 3 pg. 209 LL,1-6;6-20)** where the jury had a problem concerning the shoe string as a Deadly weapon, could they consider something else. In fact there was testimony of a necklace that the victim had around/ wore on his neck**(see vol. 3 pg. 114,LL,17)**. The judge abused her discretion and failed to recall testimony upon request by the jury in violation of code of criminal procedure; Art. 36.28 which which rendered the verdict unrelieable. Therefore, causing a conviction against the appellant. The trial attorney for the Appellant should have objected to the misinformation, but didn't. Thus, rendering ineffective assistance for failure to object to and advocating the defenses cause of action. This created predudice and misleading and confusion within the jury that if given the requested information the outcome of the trial would have been diffeerent. Therefore, rendering an unreliable judgment and collateral consequences of the conviction that constitutes actual prejudice.

(see Rutledge v. United states, 517 us 292, 301-03, 116 S. ct. 1241; and Ball v. United States 470 us 856,864-65, 105 S. ct. 1668 where prejudice can result from the conviction itself. The additional conviction could increase future sentences or be used to impeach the Appellants credibility if he testifies at a future proceding.)

**THE STATE CONTENDS THAT BY NOT OBJECTING TO THE MATTER AT TRIAL WAIVED THE ERROR.** The **RATIONAL** OF THE MATTER IS "HOW CAN YOU (APPELLANT)OBJECT TO A ERROR WHEN HE IS NOT PRESENT IN COURTROOM?" Therefore, a harm analyst should be conducted out of fundamental fairness and in the interest of justice.

<u>GROUND FOUR REVIEW ARGUMENTS:</u>  The Appellant contends that the state has exceeded the number of allowable units of prosecution the legislature intended for a given set of conduct. By giving the Appellant multiple-punishments arising out of the same criminal act in violation of the double jeopardy clause of the fifth amendment to the United states const-itution and the fouteenth amendment. **IN THE INTEREST OF JUSTICE** Appellant argues that **"A defect which renders a sentence void may be raised at any time."** see Ex parte Beck, 922 S.W. 2d at 182 (citing Health v. State, 817 S.w. 2d 335, 336(Tex.Crim.App.1991)(opinion on original submission)); see also Ex parte Miller, 921 S.W. .2d at 239. IN fact, "there has never been anything in Texas law that prevented any court with jurisdiction over a criminal case from noticing and correcting an illegal SENTENCE . ." no matter when or how the relief was sought. <u>Mizell, 119 S.W. 3d at 806.</u> The Ap-pellant is not a professional lawyer or counselor at law to know that you can't be charged twice for the same offense with the same elements! Furthermore, due to a severe mental disease that trial counsel was well aware of (see RR. vol. 2 pg. 11,LL,23-24) rendered me in a state of confusion to be connected mentally to the procedings.I don't even remember reading an Indictment due to the medications I was on.

The Appellant contends that his trial attorney was ineffective for not objecting to the Indictment on the grounds of multiplicity.

Appellants adopts the statement contained in Appellants Pro Se Brief, pg.7 of 17 The Appallants trial attorney violated his 6th amend Rights by her failure to object to the indictment which created prejudice to the appellant by being convicted of an additional offense arising out of the same cause or criminal episode with the same elements. Trial attorney did not have a firm grip on the laws of the case. see Ex parte Drinkert 821 sw 2d, 953 (Tex. Cr. App. 1991). Girdy v. State (cr. app. 2006) 213 s.w. 3d 315) and see Tex. code of crim. proc. and rules art. 37.08.

GROUND FIVE REVIEW ARGUMENTS: The Appellant contends that the trial court errored by not including the alleged enhancements on the face of the Indictment. Did it bring back a true fact of law indefeasible of the fifth circuit ruleing in CHILDRESS V. JOHNSON 103 F. 3d 1221,1229 (1997) which require the alledged enhancements to be listed on the face of the indictment. APPELLANT CONTENDS THAT HIS SENTENCE OF 75 years IS AN ILLEGAL SENTENCE DUE TO AND DECIDING RULES IN CHILDRESS.

Appellant argues that the trial court errored by not encluding the the alledged enhancements in the indictment on it's face. The indictment did not alledge any enhancements in the indictment which Childress expressly rules that and enhancement must be in the indictment (5th Cir.).; In Art. 21.03 "provides that everything must be stated in the indictment which is necessary to prove". ; Therefore, renders his 75 year sentence void and illegal. " [a] sentence which is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal" quoting Mizell, 119 sw 3d at 806. Furthermore, when the judge delivered the sentence based on the indictment before the judge it did not contain any paragraphs for enhancements purposes to increase punishment thus the judge acted out the

illegal sentence outside the range of punishment prescribed by the indict-ment before the judge. The range of punishment is 2 to 20 years on the face of the indictment. The appellant contends that per the indictment at trial he is actually innocent of being an habitual felony offender. see Earl v. state 870 sw 2d 669 (1994) If proof fails to corresponds with enhancement allegations of the indictment, punishment can not be legally enhanced; In Tenner v. State 850 sw 2d 818 (1993) enhancement must be in the indict-ment;Currie v. state 30 sw 3d 394,398 (2000); The appellant contends that the fifth court of appeals has expressed repeatedly that the enhancements must be in the indictment. Prior to trial the state had more than enough time to amend the indictment to enclude any type of enhancement as stated in Art. 28.10 amendment of the indictment (A) It would be prejudicial to to amend the indictment as in sec. (C) Therefore, the Appellant Objects. If a new sentencing hearing is conducted for proper assessment of punish-ment the appellant contends that in Briggs v. Procunier 764 F. 2d 368 (1985) at 371 " THE two prior convictions must be alleged in the indictment, and upon review allegations of the elements of a substantive offense.".....
the Double Jeopardy clause prohibits the sentencing of the defendant as a habitual offender at a second trial. see French v. Estelle, 692 F 2d 1021, 1023 (5th Cir. 1982), Cert. denied, 461 us 937,103 S. Ct. 2108.

The Appellant contends that a notice is not sufficient because of the laws applied in the stated laws and rules stated above, as well as cases stated.

<u>GROUND SIX REVIEW ARGUMENTS:</u> The Appellant contend that the trial court errored by an IMPROPER JURY CHARGE by including non-statutory definitions of the terms "DEADLY WEAPON","BODILY INJURY","INTENTIONALLY", OR WITH INTENT","KNOWINGLY, OR WITH KNOWLEDGE" AND WHERE THE JURY CHARGE INSTRUCTS THE JURY AT IV. PAR CR. PG. 7 "ATTEMPTING TO CHOKE".

The appellant argues that when a term is undefined in the Penal Code the jury is to construe its meaning according to the rules of grammar and common usage. see Tex. Gov't code Ann.§ 311.011(west 2013); Tex. Penal code Ann. § 1.05(b) (west 2011)(incorporating government code section 311.011) Appellant relies on Kirsch v. state, in which the court of criminal appeals held a jury instruction defining the common word "operate" was an improper comment on the weight of the evidence in a driving while intoxicated prosecution. Kirsch v state, 357 sw .3d 645,652 (Tex.Crim.App. 2012). In Kirsch, the court noted that while the definition given to the jury was neutral and legally accurate, because the term "operate" is a common word that has not acquired a technical meaning it was to be interpreted by the jury according to its common usage and instructing the jury to apply a particular definition was improper. Id at 650-52; Tex.Gov't code Ann. § 311.011(stating general rule that statutorily undefined term is to be construed according to its common usage, but that words and phrases that have "acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly")

The Appellant argues that the incorrect and misleading definitions was significantly more persuasive by the error of miss leading definitions which caused egregious harm and a reversal is required. see Bluitt v. state, 137 sw 3d 51,53 (Tex.Crim.App. 2004); also see Saunder v. state, 817 sw 2d 688,692 (Tex. cir.App.1991). The appellant argues that the phrases given an operational definition as "attack". where there is a reasonable

expectation or fear of some "bodily injury" or "apparent danger". Which legitimized the concept as used in the application of the paragraph which is more persuasive. ThereAfter, appellant asserts that the jury was placed in a position where it would have to (acquit on both counts or find appellant guilty on both counts) completely if it did not find he committed and offense with a deadly weapon or intentionally or with knowledge being that testimony existed of a necklace being worn. The appellant contends that this is analogous for expecting a jury to ignore an extraneous offense. Thus, the error allowed me to be convicted of a crime I did not do and it relieved the jury of its duty to find each element of the offense true before convicting. That is why the jury sent for additional testimony on who told who to clean the dorm and or requesting testimony of the same and the question of can the jury consider something else as a Deadly Weapon. see **RR vol 3, pg. 209, LL,15-20.** The rationale upon which the jury based the question concerning the if they could consider something else as a Deadly weapon is due to the Improper Jury charge and the fact that a juror really believed something else caused the injuries to the victims neck besides a shoe string. The fact of the matter is no shoe string existed.

I request that this error is requires a reversal. If I were present in the courtroom when the notes where communicated to the court I would have objected to the judge abuse of discretion by not appling the law.

I request a harm analyst.

**GROUND SEVEN REVIEW ARGUMENTS:** The Appellant contends that the evidence is constitutionally insufficient to sustain Appellant's conviction because the alledged object was not a deadly weapon and the state failed to prove the Appellant actually used or intended to use a shoe string as a Deadly weapon in a manner capable of causing death.

The Appellant argues that the evidence is factual insufficient to support the jury's findings that a Deadly weapon was used because the state did not establish "that an alleged shoe string" was used intently and knowingly and that the Deadly weapon qualified as a deadly weapon. The alledged shoe string (deadly weapon) never existed and was never capable of causing death by design and or serious bodily injury or death. There was never a shoe string testimony proved that it was a jailhouse homemade cross that the victim wore around his neck all the time (SEE RR. VOL#3 pg. 114,LL.17). The Appellant states that and have writen a statement to that fact and that a witness who is the topic of the record above stated the same. The the theorem is that in the course of the fight somehow the victim strached his own neck somehow during the fight with his necklace. Therefore, the necklace was never intently and knowingly used as a deadly weapon by Appellant, nor was it exhibited in such a manner that would cause fear of death or to harm or in a threatening manner. The state did not introduce into evidence the alleged (shoe string) used, There was no expert testimony of it's size, shape, lenght,or it's design. If the state had introduced evidence that was fully adequate to show that the alleged deadly weapon(shoe string/ jail house necklace) was a deadly weapon by design rather than by usage it would have been sufficant to sustain the charge. Even the charging Indictment fails in saying"attempting to use". See V.T.C.A,PENAL CODE§ 1.07(a)(11)(a,b); also see Thomas v. state 821 sw 2d 616( Tex.Cr.App.1991). To determine whether a particular shoe string"

is a deadly weapon,the following may be considered:

1. the size, shape, lenght. 2. the manner of its use or intended use; 3. the nature or existence of inflicted wounds: 4. the proximity of the defendant and the complainant; 5. the use of any brandishing motions; 6. statements, including threats, made by the defendant; 7. the complainant's fear of serious bodily injury or death; and 8. evidence of the shoe strings capacity to produce death or serious bodily injury.

There was no expert testimony to support a deadly weapon finding, all the statements made was not made as an expert of the shoe string. The theorem or guess of witnesses is just a guess and there opinion. Because, not even the victim could say I put a shoe string around his neck when we were fighting. The detective Billy Dukes after taking the statement from the victim said thatthe victim was not truthful as to his injuries. (see vol. 3 pg.45,LL,12-15 and vol 3 pg.44,LL.12-13 statement given two months later)

I request a revesal and a applied acquittal on cout one of the indictment.

GROUND EIGHT FOR REVIEW ARGUMENTS: The Appellant contends that the denial to hear or rule on the Appellant's Motion for new Trial was erroneous.

The Appellant argues that if the Motion for new Trial had been granted the it would have developed information of conflict of interest on Billy Duke being heavily involved with the victim as his imformant (CI). Therefore creating a conflict of interest as an detective investigating the very case to which his informant was involved in. If the Motion for new trial was granted it would have revealed that Billy Dukes investigation of the fight was biased and deprived the Appellant of his right to fundamental fairness guaranteed by the due process clause of the U.S. const. Furthermore, it would have been developed that the presiding Judge and the DA had been co-workers for years before the judge was recently appointed to the

bench. These actions require a revesal and a new trial ordered.

**GROUND NINE REVIEW ARGUMENTS:** The Appellant contends that the trial court errored by refusing to instruct the jury on the Lesser- included offense of assault with regard to the aggravated assault with a Deadly weapon charged in the indictment. To which the appellant was entitled to assault being listed on the Jury Charge as a Lesser-included offense.
**IS ASSAULT CAUSES BODILY INJURY A LESSER INCLUDED OFFENSE OF AGGRAVATED ASSAULT WITH A DEADLY WEAPON?**
**DOES EVIDENCE EXISTS THAT WOULD PERMIT A JURY TO RATIONALLY FIND APPELLANT GUILTY ONLY OF THE LESSER-INCLUDED OFFENSE OF ASSAULT? IF THE APPELLANT IS GUILTY?** (see Rousseau, 855 sw 2d at 672-73.)

A LESSER INCLUDED OFFENSE INSTRUCTION WAS REQUIRED IF THE RECORD CONTAINS SOME EVIDENCE THAT APPELLANT DID NOT USE OR EXHIBIT A DEADLY WEAPON. (see moreno v. state, 38 sw 3d 774,778,(Tex.App-Houston[14th dist] 2001)

However, the record states evidence that appellant did not use a deadly weapon and that the victim had a home made jailhouse necklace on his neck at or around the time of the fight. **(see RR.VOL 3 pg. 114,LL.17) Also see motion for new trial and the state of the Appellant.**

The argues that if the jury charge contained a Lesser-included offense of assault causes bodily injury and not listed as two offenses that the jury would have only convicted the appellant of assault cause bodily injury. The jury charge and the way it is writen is confusing to the jury and ambigous in meaning to the jury, which lead the jury to only one decision which is to convict on both charges. The fact of the matter is the jury charge is not applicable to the law of use of common sense and applied common knowledge. (see Wawrykow v. state, 866 sw 2d 87,88-89(Tex.App.Beaumont 1993, pet ref'd)(finding that a rational jury could have inferred that pushes to the chest caused "physical pain") see also Goodin v. state, 750 sw 2d 857,859 (Tex.App-corpus Christi: 1988.pet. fef'd)(stating that people of

Common intelligence understand what naturally causes physical pain)

The Appellant argues that **"I ADOPT THE STATEMENT CONTAINED IN THE APPELLANT'S PRO SE BRIEF PAGE 11 and 13"** IT WAS JUST A FIGHT AND NOTHENING ELSE BUT A FIGHT IN A CONTINUOUS ACTION AND THERE WAS NO INTENT TO CAUSE ANY TYPE OF HARM AND THERE WAS NO DEADLY WEAPON INVOLVED.

I request in light of the facts and in the interest of justice that appellant requires a reversal and a implied acquittal. I further request a a harm analyst.

**GROUND TEN REVIEW ARGUMENTS:** The Appellant contends that the presiding judge abused her discretion and errored by refusing testimony to the jury upon request by the jury.

The appellant argues that if the trial judge would have provided the testimony that the jury requested concerning who told who to clean the dorm right after the fight see **RR. VOL 3 pg. 208,LL,11-25;pg.209,LL,1-20**(stating how the judge abused her discretion by not providing the testimony and allowing the DA to answer for the court) there verdict would have been different. Instead the jury had to relie on memory of a complex trial proceedings.

The Appellant argues that the **CODE OF CRIMINAL PROCEDURE: Art.36.28 "JURY MAY HAVE WITNESS RE-EXAMINED OR TESTIMONY READ"** was violated by the judge therefore, by refusing to have the tesimony read from the records upon request violated said article and was a abuse of discretion by the judge. **ART. 36.28** says "In the trial of a criminal case in a court, if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other; but if there be no such reporter, or if his notes cannot be read to the jury the court may cause such witness to be again brought upon the stand and the judge shall direct him to repeat his testimony as to the point in dispute,

and no other, as nearly as he can in the language used on the trial.

I am requesting that you carefully examine the testimony from the "PRESIDING JUDGE AND THE DA" AND do a harm analyst to which you will agree with me that a reversal is required in the interest of justice.

## CONCLUSION

The Appellant concludes that the appeal is not frivolous, (1) There is 10 (ten) arguable grounds for appeal that exist and a remand or reversal is required due to the cumulative errors, (2) new counsel may be appointed to rebrief the issues involved.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, APPELLANT PRAYS THAT THIS HONORABLE COURT GRANT THIS PETITION FOR DISCRETIONARY REVIEW. FOLLOWING THE GRANTING OF REVIEW, APPELLANT PRAYS THAT THE JUDGMENT OF THE COURT OF APPEALS BE REVERSED AND RENDERED, OR REVERSED AND A NEW TRIAL ORDERED, OR THE CASE REMANDED FOR FURTHER REVIEW AND IN THE ALTERNATIVE ANY RELIEF THE COURT DEEM I AM ENTITLED TO.

RESPECTFULLY SUBMITTED,

JOSEPH BERNARD COOPER PRO SE.
JESTER III UNIT#1938617
3 JESTER ROAD
RICHMOND, TEXAS 77406

## STATEMENT REGARDING ORAL ARGUMENT

PURSUANT OT TEX.R.APP.PROC. 68.4 (C) APPELLANT REQUEST ORAL ARGUMENT.

## DECLARATION

I JOSEPH BERNARD COOPER, PRO SE APPELLANT, BEING PRESENTLY CONFINED AT THE JESTER III UNIT, 3 JESTER ROAD, RICHMOND, TEXAS 77406, OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION. DECLARE UNDER PENALTY OF PURJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY ABILITY AND KNOWLEDGE.

EXECUTED THIS 10th DAY OF NOVEMBER 2015

JOSEPH BERNARD COOPER PRO SE

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING HAS BEEN DELIVERED TO THE COURT OF CRIMINAL APPEALS OF TEXAS, P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711 via U.S POSTAL SERVICE BY THE JESTER III UNIT MAILROOM ON THIS THE 10TH DAY OF NOVEMBER2015.

JOSEPH BERNARD COOPER PRO SE

In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00301-CR
_____

**JOSEPH BERNARD COOPER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause No. 23233**

## MEMORANDUM OPINION

A jury convicted Joseph Bernard Cooper of aggravated assault with a deadly weapon and assault causing bodily injury. The trial court found that Cooper had two prior felony convictions and sentenced Cooper to seventy-five years in prison for aggravated assault and six months in county jail for misdemeanor assault, to run concurrently. Cooper's appellate counsel filed a brief that presents counsel's professional evaluation of the record and concludes Cooper's appeal is frivolous.

1

*See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Cooper filed a *pro se* brief in response.

The Texas Court of Criminal Appeals has held that we need not address the merits of issues raised in *Anders* briefs or *pro se* responses. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Rather, we may determine that: (1) "the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error"; or (2) "arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* We have determined that this appeal is wholly frivolous. We have independently examined the clerk's record and the reporter's record, and we agree that no arguable issues support the appeal. We find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

STEVE McKEITHEN
Chief Justice

Submitted on July 21, 2015
Opinion Delivered August 12, 2015
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[1]Cooper may challenge our decision by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

2